In re SHAPIRO HOLDING CORPORATION.

(District Court, S. D. Florida. October 19, 1926.)

No. 3123.

1. Bankruptcy ⬦86.

Personal service in involuntary proceeding against corporation must be made as required by law of state.

2. Bankruptcy ⬦86.

Service of involuntary petition against Florida corporation on person described in return as acting secretary and attorney *held* insufficient to give court jurisdiction, in view of Rev. Gen. St. Fla. 1920, § 2604.

In Bankruptcy. In the matter of the Shapiro Holding Corporation, bankrupt. On motion by the alleged bankrupt by special appearance, to quash service and vacate adjudication. Motion granted.

Evans & Mershon, of Miami, Fla., for alleged bankrupt.

Gallagher & Davis, of Miami, Fla., for petitioning creditors.

CALL, District Judge. In this cause an involuntary petition in bankruptcy was filed against the bankrupt. The marshal's return on the subpœna is as follows: "Executed it at Jacksonville, Florida, September 28, 1926, by exhibiting this original writ and delivering a true copy thereof to Van C. Swearingen, acting secretary and attorney for the Shapiro Holding Corporation, herein named, together with copy of petition. The said Van C. Swearingen being the highest officer found in my district."

On the 7th day of October an adjudication was made and the cause referred to L. Earl Curry, the referee. On the 12th day of October, a special appearance and motion to quash service and vacate adjudication was filed by the bankrupt before the referee. At the same time was filed an affidavit by H. Shapiro, setting forth that the bankrupt was organized under the Florida laws; that the officers of the corporation are H. Shapiro, president, Florine E. Shapiro, vice president, and George Rosenthal, secretary; that the treasurer was either Rosenthal or Florine E. Shapiro; that there were no other officers of said corporation; that the directors were the parties named; that there is no business agent in the state of Florida.

The referee thereupon certified the question made by the motion and special appearance to this court for decision, "together with all papers, including all response filed thereto." Among the papers certified by the referee, I find a brief in support of the motion, but none for the petitioning creditors. I called for such brief from the attorneys representing said creditors, which brief came to hand to-day. I find in the brief reference to an affidavit made by Van C. Swearingen, but such an affidavit is not among the papers certified by the referee.

In the brief of petitioning creditors it is contended that the bankrupt was incorporated under the provisions of chapter 10096, Acts of 1925. There is no proofs among the papers to show when or under what law the bankrupt was incorporated. The chapter above referred to specifically provides that the act shall apply only to corporations incorporated or consolidated, or reincorporated, under the provisions of the act.

[1] Section 18 of the Bankrupt Act (Comp. St. § 9602) provides that service of subpœna and copy of the petition shall be made upon the bankrupt in the manner provided in the equity rules. Rule 13 provides only for service upon individuals; does not provide for corporations. Therefore, in the case of a corporation, the service must be made upon the corporation in the manner provided in section 2604 of the Revised General Statutes of Florida, if personal service is desired. If this cannot be done, the Bankruptcy Act provides for publication.

[2] The statute (section 2604) provides that the service may be made upon the head of the corporation, or, in his absence, upon the cashier, or treasurer, or secretary, or general manager, or, in the absence of all of the above, upon any director of said company, or, in the absence of all of the above, upon any officer or business agent resident in the state of Florida. These provisions apply to

all corporations, foreign or domestic. The clause referring to foreign corporations need not be considered.

It seems to me that the question to be decided upon the special appearance and motion is: Does the return of the marshal upon the subpœna show such service upon the corporation as will bind it? If it does not, then the adjudication entered upon the bankrupt's failure to appear within the 15 days after service should be set aside and vacated. That return does not purport to show that the subpœna was served upon the president, vice president, or other head of the corporation, or upon the cashier, treasurer, secretary, or general manager, or upon any director or officer or business agent resident in the state. The return says "acting secretary and attorney." I am constrained, therefore, to hold that the motion to quash the service and vacate the adjudication must be granted, in that it is apparent upon the face of the papers that the court had not acquired jurisdiction over the person of the bankrupt.

I do not understand that the action of the bankrupt in filing the special appearance and contesting the service will be construed into a general appearance. I am satisfied that the referee had no power to pass upon the question here involved, and am at a loss to understand why the question was not presented to the court in the first instance.

An order will be prepared quashing the service and vacating the adjudication entered herein on October 7, 1926.