**In the Matter of COLBY MILLING, INC.,
Bankrupt.**

**No. BK–64–122(S).**

United States District Court
W. D. Wisconsin.

Feb. 6, 1968.

See also, D.C., 281 F.Supp. 691.

———◆———

Fred Genrich and Richard J. Weber,
Wausau, Wis., for bankrupt.

John Nikolay, Abbotsford, Wis., for
trustee.

Everett C. Gorsegner, Loyal, Wis., for
Loos.

JAMES E. DOYLE, District Judge.

Loos Machine Shop, Inc. (Loos), has
petitioned for review of an order enter-
ed herein by the Honorable William H.
Frawley, Referee in Bankruptcy.

The Referee had previously entered
an order herein requiring Loos to show
cause why a certain mortgage it had
obtained against real estate of the bank-
rupt should not be nullified, and why
Loos should not be obliged to pay in
certain money it allegedly had received
from the sale of a certain parcel of the
real estate in question. At the hearing
on said order to show cause, Loos ob-
jected to the jurisdiction of the United
States District Court for the Western
District of Wisconsin in this voluntary
bankruptcy proceeding (BK–64–122(S))
on the ground that at the time (May
21, 1964) at which the voluntary petition
in bankruptcy was filed in this court by
the debtor and at which it was adjudged
a bankrupt, there was pending in this
court a Chapter X proceeding (11,398–
Chap. X) which had been filed by the
same debtor on July 3, 1962.

Briefs were submitted, and the Referee
thereupon entered the order review of
which is now sought here. The Referee
determined: (1) that he had authority
to hear and determine the question
whether this court enjoys jurisdiction
in this voluntary bankruptcy proceed-
ing; and (2) that the pendency of the
Chapter X proceeding at the time of
the filing and adjudication in this vol-
untary bankruptcy proceeding did not
deprive this court of jurisdiction in the
voluntary bankruptcy proceeding. The
Referee then ordered that he would pro-
ceed in the voluntary bankruptcy pro-
ceeding to hear and determine the is-
sue of the validity of the Loos mort-
gage. Loos' petition for review chal-
lenges both aspects (1) and (2) of the
Referee's order.

A hearing has been held in this court,
and the briefs filed with the Referee
have been considered.

1. *Does the Referee enjoy authority
to hear and determine whether this court*

*enjoys jurisdiction over the voluntary bankruptcy proceeding?*

I refrain from passing on this issue, the answer to which appears to be "not clear". 2 Collier on Bankruptcy (14th ed., 1966) § 38.03, p. 1403, and footnote 14 on p. 1403. See Matter of Shapiro Holding Corp., 15 F.2d 601 (D.Fla. 1926).

If the Referee's decision here on the jurisdictional issue itself rested upon findings on disputed issues of fact, which I would be bound to accept unless clearly erroneous (General Order No. 47), it might not be possible to refrain from passing upon his authority to determine the issue. In this case, however, the Referee's decision does not turn upon disputed issues of fact; it is a conclusion of law. The parties have had an adequate opportunity to present their legal contentions to me. While I will treat the position of the Referee with respect, of course, I will nevertheless consider the jurisdictional issue *de novo*.

2. *Does the pendency of the Chapter X proceeding on May 21, 1964, deprive this court of jurisdiction in this voluntary bankruptcy filed and adjudicated on that day?*

I take judicial notice of the record in a Chapter X reorganization proceeding in this court (No. 11,398, Chap. X), commenced by the filing of a voluntary petition by Colby Milling, Inc. (Colby), as debtor, on July 3, 1962. This petition prayed, among other things: "That the petition be approved and 120 days be given the petitioner to present a plan of reorganization * * *." Following a hearing, on notice, this court entered an order July 25, 1962, approving the petition and granting petitioner 120 days within which to present a plan. On November 26, 1962, a petition was filed seeking an extension "of one hundred eighty (180) days from the date of expiration of the previous stay", within which to present a plan. Following a hearing, on notice, this court entered an order December 18, 1962, approving the petition. I construe the order of July 25, 1962, to have established November 22, 1962, as the deadline for filing a plan, and the order of December 18, 1962, to have established May 21, 1963, as the extended deadline.

No plan of reorganization had been submitted by the debtor or by any party, nor had there been any further proceedings of any kind in the Chapter X proceeding (No. 11,398), when, on May 21, 1964, there was filed in this court by Colby a voluntary petition in bankruptcy initiating this present proceeding (BK–64–122(S)). A trustee was appointed in this bankruptcy proceeding, and it is his challenge to the Loos mortgage which precipitates the present issue.

(On July 17, 1964, one of the attorneys for Colby executed an affidavit in the Chapter X proceeding (No. 11,398). The affidavit recites the history of the Chapter X proceeding, and adds that "after having determined that a reorganization under Chapter X was not feasible", Colby had filed its voluntary petition in bankruptcy on May 21, 1964 (BK–64–122(S)). The affidavit was said to have been "made for the purpose of securing from this Court an order dismissing the said proceedings." Without notice or hearing, and "on motion' of Richard J. Weber as attorney for" Colby, this court entered an order July 22, 1964, dismissing the Chapter X proceeding.)

The statutory pattern for the termination of a Chapter X proceeding is unmistakable and explicit. Section 236 of the Bankruptcy Act, in pertinent part, provides:

"If no plan is proposed within the time fixed or extended by the judge * * *, the judge shall * * * (2) where the petition was filed under section 128 of this Act [Colby's Chapter X petition (No. 11,398) was so filed], after hearing upon notice to the debtor, stockholders, creditors, indenture trustees, and such other persons as the judge may designate, enter an order either adjudging the debtor a bankrupt and directing that bankruptcy be proceeded with pur-

suant to the provisions of this Act, or dismissing the proceeding under this chapter, as in the opinion of the judge may be in the interests of the creditors and stockholders."

■ The question presented here is whether the debtor corporation, having elected to commence a Chapter X proceeding, may short circuit the termination procedures provided for in Section 236, and may instead itself elect to convert the Chapter X proceeding to a straight bankruptcy proceeding by filing a voluntary petition in straight bankruptcy. After much difficulty, I have concluded that the answer is no. To make this course open to the debtor is to deprive the stockholders, creditors, indenture trustees, and others of a hearing, on notice, on the issue whether straight bankruptcy or simply a dismissal of the Chapter X proceeding is preferable. Also, a judicial function is undermined; the Act contemplates that the district judge, rather than the debtor-petitioner, is to make this decision after evaluating the interests of the creditors and stockholders.

No authority on the precise issue has been cited to the Referee or' to me, nor has the Referee cited any in support of his conclusion. I have made a diligent search and have found none. It has been said that: "The pendency of an equity receivership does not ordinarily prevent the filing of a voluntary petition [in bankruptcy] even though the debtor has voluntarily taken part in the equity proceeding." 1 Collier on Bankruptcy § 4.03, p. 581, n. 5 (14th ed., 1966 supp.). However, none of the authorities cited therein deals with the present Chapter X or with Section 236 of the Act. I am left to construe the language of the Act as it appears, and I find its meaning clear and unambiguous.

I have said that I have found it difficult to reach the conclusion stated above. This is not because I consider the statutory language or scheme unclear, but because of the practical consequences of the ruling in a situation in which: (1) this voluntary bankruptcy (BK–64–122(S)) has already proceeded to its present status; and (2) the Chapter X proceeding (No. 11,398) has purportedly been terminated by the ex parte order entered July 22, 1964. However, there seems no permissible alternative to facing up to these consequences.

■ Upon the basis of the entire record herein, and for the reasons set forth above, I hold that this court lacked jurisdiction to receive the May 21, 1964, voluntary petition in bankruptcy and to adjudicate Colby a bankrupt on the basis of said petition. It is hereby ordered, therefore, that this proceeding is dismissed for lack of jurisdiction.

Simultaneously with the entry of this opinion and order, I am entering an opinion and order, on the court's own motion, in the Chapter X proceeding (No. 11,398), vacating the order of July 22, 1964. 281 F.Supp. 691.

See also, D.C., 281 F.Supp. 689.