**In re EIZEN FURS, Inc.**

No. 23140.

United States District Court
E. D. Pennsylvania.
April 6, 1950.

138

Frank Zal, of Philadelphia, Pa., for bankrupt corporation.

Harry Fischer, of Philadelphia, Pa., for petitioning creditors.

BARD, District Judge.

On August 26, 1949 a creditors' petition in bankruptcy was filed against Eizen Furs, Inc., a corporation. On September 30, 1949, ten days before its return day, a pluries subpoena was served upon the alleged bankrupt by leaving a copy of this subpoena, together with a copy of the creditors' petition, at the residence of the president of the corporation with an adult member of his family. No appearance whatever was made by or filed in behalf of the alleged bankrupt. On October 24, 1949 this Court entered an Adjudication of Bankruptcy and issued an Order of General Reference to a referee in bankruptcy.

On October 31, 1949 the alleged bankrupt filed this petition, which is now before me, to vacate the decree of adjudication and order of reference and to strike off the service of subpoena upon it.

Rule 4(d) (3, 7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Rule 2180 of the Pennsylvania Rules of Civil Procedure, 12 P. S., Appendix, provide that service of process upon a corporation can only be accomplished by handing a true and attested copy of the summons and the complaint to an officer of the corporation, to the managing agent or person in charge of any office of the corporation, or to a registered agent authorized to accept service of process.

The alleged bankrupt contends that service upon an adult member of the household of one of the corporate officers is not in accordance with the aforementioned rules, and is insufficient to confer jurisdiction over the corporation. I agree.

General Order in Bankruptcy 37, following Section 53 of Title 11 U.S.C.A., pro-

vides that the Federal Rules of Civil Procedure shall be followed if they are not inconsistent with the Bankruptcy Act of 1898, as amended [1].

Although the Bankruptcy Act provides for service of process to be made in the same manner as suits in equity, 11 U.S. C.A. § 41, sub. a, Equity Rule 13 applies only to service of process upon individual defendants, not upon corporate defendants. Therefore, it would seem that service of process upon corporations should be made in accordance with the Rules for Civil Procedure. In re Shapiro Holding Corp., D.C., 15 F.2d 601.

When interpreted in this manner, the Bankruptcy Act is not inconsistent with Rule 4(d) (3, 7) of the Federal Rules of Civil Procedure. The alleged bankrupt's petition must be granted.

The petitioning creditors contend that under Rule 12(a, h) of the Federal Rules of Civil Procedure the alleged bankrupt has waived its right to object to any insufficiency of service of process since the objection was not filed within twenty days after service was attempted.

In this instance the alleged bankrupt has not subjected itself to the jurisdiction of this Court by a voluntary appearance or by any other method. All it has done is file what formerly was a special appearance contesting the jurisdiction of the Court over it.

A valid judgment of any kind cannot be granted unless the court has jurisdiction over the person of the alleged bankrupt. Until such jurisdiction is acquired, the twenty day period cannot commence to run against the alleged bankrupt. It could have ignored the entire proceedings and subsequently have attacked any dissolution or sale that might have ensued. Cf. Orange Theatre Corp. v. Rayherstz Amusement Corp. et al., 3 Cir., 139 F.2d 871, 873, certiorari denied sub nom. Orange Theatre Corp. v. Brandt et al., 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

Accordingly, the alleged bankrupt's petition to vacate the decree of Adjudication of Bankruptcy and the Order of General Reference and to strike off the service of the subpoena upon the alleged bankrupt corporation is hereby granted.

1. Act of July 1, 1898, c. 541, § 1 et seq., 30 Stat. 544, as amended, 11 U.S.C.A. § 1 et seq.