Albert B. TYSON

v.

PUBLISHERS COMPANY, Inc.

Civ. A. No. 31543.

United States District Court
E. D. Pennsylvania.

Sept. 11, 1963.

Henry E. Skaroff, Malvin L. Skaroff, Skaroff & Skaroff, Philadelphia, Pa., for plaintiff.

Marvin Comisky, Morris L. Weisberg, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant, a nonregistered foreign corporation, has moved to dismiss this diversity action for breach of contract or in the alternative to quash the return and service of summons.

Plaintiff, a Pennsylvania resident, brought this suit against a Maryland publishing corporation alleging that the corporation retained him "as a finder to obtain and develop the participation of stockbrokers to further and advance the sale of stock of the * * * corporation." Plaintiff further alleged that he obtained the cooperation of various brokers in the City of Philadelphia and arranged a meeting at the Drake Hotel in Philadelphia in late 1959 at which the

various brokers were given information by officers of the corporation concerning the proposed stock sale. As a result of such activity, plaintiff states that two and a half million dollars worth of stock was sold in Philadelphia and that a stock issue of six million is presently being offered for sale to the public through the Philadelphia underwriters.

Plaintiff contends that he has not received his agreed 5% commission on any of these sales and consequently is now suing for these commissions.

Personal service on the defendant corporation was attempted by serving the son of the corporation's president at the president's residence in this District. Defendant contends that the attempted personal service was improper.

Fed.R.Civ.P. 4(d) (3) provides that personal service on a corporation may be made " * * * by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *."

Pa.R.Civ.P. 2180(a), 12 P.S.Appendix which is applicable to this federal suit by the terms of Fed.R.Civ.P. 4(d) (7) provides that personal service on a corporation may be made by delivering a copy of the process:

> "(1) to an executive officer, partner or trustee of the corporation or similar entity; or
>
> (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity; or
>
> (3) to an agent, authorized by appointment to receive service of process * * *."

 Service at the Pennsylvania residence of the corporation's president on the president's minor son who was neither a director, officer, employee or agent of the corporation does not come within the requirements of either the Federal or Pennsylvania Rules of Civil Procedure and, accordingly, is not valid service. See In re Eizen Furs, Inc., 10 F.R.D. 137 (E.D.Pa.1950). Defendant's motion to quash the return and service of summons will be granted.

Plaintiff, apparently cognizant of the defects in his attempted personal service of process on the corporation, has petitioned this court for authorization to execute substituted service on the corporation through the Secretary of the Commonwealth of Pennsylvania.

Substituted service on a foreign non-registered corporation through the Secretary of the Commonwealth is authorized by the Pennsylvania Business Corporation Law,[1] which as amended in 1959 sets forth two jurisdictional requirements to be satisfied before the foreign corporation may be validly served: (1) the corporation must perform acts within Pennsylvania "for the purpose of thereby realizing pecuniary benefit * * *." and (2) the action sued upon must arise "out of acts or omissions of such corporation within this Commonwealth."

 The sale in Pennsylvania of eight and a half million dollars worth of stock is clearly activity done "for the purpose of thereby realizing pecuniary benefit." Likewise, since this is an action by a Pennsylvania resident to recover commission due on stock sales made in Philadelphia by Philadelphia brokers, it would appear that this action arises out of acts or omissions of the corporation within Pennsylvania. Because of the 1959 amendment to the Business Corporation Law defining "doing business" in terms of a "pecuniary benefit" test, there is no need to decide whether the older "solicitation plus" principle applies in this case.

Accordingly, plaintiff's petition for substituted service on the defendant corporation will be granted.

1. Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011(B) and (C) as interpreted in Rufo v. Bastian-Blessing Co., 405 Pa. 12, 14, 173 A.2d 123 (1961).