GREAT DANE TRAILERS, INC., D/B/A TRAILER RENTAL COMPANY v. NORTH BROOK POULTRY, INC.

No. 7726SC501

(Filed 4 April 1978)

**Rules of Civil Procedure § 4; Process § 12— service on corporation—leaving copies at home of registered agent**

> The corporate defendant was properly served with process by leaving copies thereof at the registered agent's home with the agent's wife, who is a person of suitable age and discretion. G.S. 1A-1, Rule 4(j)(1), (6).

APPEAL by defendant from *Griffin, Judge.* Order entered 21 April 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 March 1978.

Plaintiff instituted this civil action by filing a complaint on 11 May 1973 in which it alleged that the defendant had breached an agreement for the lease of two Great Dane trailers to the defendant and sought to recover overdue trailer rentals, casualty damages for one of the trailers, and possession of the other trailer. Ancillary to its complaint the plaintiff filed an affidavit seeking claim and delivery of the latter trailer, and on the same day the Clerk of Superior Court of Mecklenburg County issued an Order of Seizure. On 19 June 1973 default was entered against the defendant by the Clerk of Superior Court for failure to plead or otherwise defend in the action instituted against it. Pursuant to the Order of Seizure a refrigerated trailer, unit number 31-627, was taken from the defendant on 12 July 1973. On 13 September 1973 default judgment was entered by Judge William T. Grist in Superior Court, Mecklenburg County, for the failure of the defendant to plead or defend.

On 9 December 1976 the defendant filed a motion pursuant to Rule 60(b) for relief from the entry of default and default judg-

ment alleging, among other things, lack of jurisdiction because of defective service of process. After a hearing on the motion, the trial judge entered an order on 21 April 1977 finding the following pertinent facts:

> A verified COMPLAINT was filed and a summons issued, in the above-entitled action, in the Superior Court Division of the General Court of Justice in Mecklenburg County, North Carolina, on May 11, 1973, summoning the defendant, in care of Harvey V. Houser, Registered Agent, at Route 2, Vale, North Carolina, in Lincoln County.

> The Lincoln County Sheriff's return on the summons recites that the summons and the COMPLAINT were received on May 13, 1973, by the Sheriff, and served on Harvey V. Houser on May 18, 1973, at his residence, by leaving copies thereof with his wife.

> . . .

> Harvey V. Houser now is president of the defendant and has been president thereof continuously since at least May 11, 1973, and the defendant company is still in business at the present time.

> Harvey V. Houser now is the registered agent of the defendant, and he has been such continuously since at least May 11, 1973.

> The residence address, as well as the registered address, of the registered agent on May 11, 1973, and at all times pertinent herein, was the same, namely Route 2, Vale, North Carolina.

> The corporate office of the defendant company on May 11, 1973, and all times pertinent herein was not the same as the registered address of the registered agent.

The trial judge then concluded that the defendant was properly served with process "pursuant to North Carolina General Statutes Sec. 1A-1, Rule 4(j)(6)b, of the Rules of Civil Procedure," and denied the defendant's motion. The defendant appealed.

*Hamel, Hamel, Welling & Pearce, by Reginald S. Hamel and Hugo A. Pearce III, for plaintiff appellee.*

*Don M. Pendleton and Thomas M. Shuford, Jr., for defendant appellant.*

HEDRICK, Judge.

The defendant contends that the trial court erred in denying its motion pursuant to Rule 60(b) for relief from the default judgment. The defendant argues that the trial court never obtained jurisdiction in this action because service of process was never had on the corporate defendant in the manner provided by the North Carolina Rules of Civil Procedure.

General Statute 1A-1, Rule 4(j)(6) provides the following means for serving process on a corporation:

Domestic or Foreign Corporation.—Upon a domestic or foreign corporation:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service or [of] process or *by serving process upon such agent or the party in a manner specified by any statute.* [emphasis added.]

In the present case, process was served on the corporate defendant by leaving copies thereof with the wife of the registered agent at his residence. Defendant cites cases construing the federal counterpart of our Rule 4(j)(6) as authority for its position that this manner of service was inadequate. *See Bard v. Bemidji Bottle Gas Co.*, 23 F.R.D. 299 (1958); *In Re Eizen Furs, Inc.*, 10 F.R.D. 137 (1950); *Tyson v. Publishers Co., Inc.*, 223 F. Supp. 114 (1963). Although our own statute is similar to the pertinent federal statute, Federal Rules of Civil Procedure 4(d) (3) and (7), there is a difference in wording which dictates a different construction on the facts of this case. While our statute permits service on a corporation "by serving process upon . . . [an *agent* authorized by appointment or by law] in a manner specified by any statute," the federal rule requires service on the *corporation*

itself "in the manner prescribed by any statute." Thus, under North Carolina law we may consider any statute setting forth alternative means of serving such an agent, while under federal law our consideration is limited to statutes providing means of serving corporations.

The trial court found and the record establishes that at the time this lawsuit was instituted Harvey V. Houser was the registered agent of the defendant corporation appointed pursuant to G.S. 55-13(b). Thus as long as process was served on Houser "in a manner specified by *any statute*" it was effective to confer jurisdiction on the Superior Court. The return of service discloses that process was served on Houser by leaving copies thereof at his house with his wife, "who is a person of suitable age and discretion" in compliance with Rule 4(j)(1) which provides the manner of serving process upon a natural person. In our opinion by the interplay of the cited statutes the corporate defendant was properly served with process.

The order appealed from is affirmed.

Affirmed.

Chief Judge BROCK and Judge MITCHELL concur.