RUBY C. STOREY v. CHARLES A. HAILEY, EXECUTOR OF THE ESTATE OF
BERNARD M. HAILEY

No. 926SC1188

(Filed 5 April 1994)

1. **Process and Service § 41 (NCI4th)— service of process— insufficiency—extension of time—waiver**

   The trial court erred in a claim against an estate by dismissing the claim for insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction where defendant, who was not a North Carolina resident, was served through his attorney, who was his process agent; the attorney appeared as counsel of record and filed a motion for extension of time to plead; that order was granted; second and third extensions were allowed by stipulation of counsel; and defendant, through new counsel, filed motions to dismiss which were granted. The defendant's conduct in securing extensions of time, through opposing counsel's professional courtesy, to 54 days past the date when plaintiff could have procured endorsement of the original summons or issuance of an alias and pluries summons, acts to estop defendant from asserting these defenses.

   **Am Jur 2d, Process § 112.**

2. **Process and Service § 19 (NCI4th)— summons—caption— erroneous—adequate notice**

   Even if defendant in a claim against an estate was not estopped from asserting the defenses of insufficient process and service, and the resulting lack of personal jurisdiction, plaintiff's action should not have been subject to dismissal where the caption referred to the defendant individually rather than as executor of the estate, the summons was directed to the process agent for the individual defendant rather than to defendant as executor in care of the process agent, and the summons did not notify defendant to appear and answer within 30 days. The process was sufficient because the caption in the summons amounted to a misnomer and defendant had adequate notice that the action was against the estate rather than against defendant individually, and the instructions in

STOREY v. HAILEY

[114 N.C. App. 173 (1994)]

the summons were adequate to satisfy the spirit and the letter of N.C.G.S. § 1A-1, Rule 4(b).

**Am Jur 2d, Process §§ 94 et seq.**

**3. Process and Service § 111 (NCI4th) — service on decedent's estate — process agent — copy of summons left with law partner**

The trial court erred in a claim against an estate by dismissing the case for insufficiency of service of process where the executor of the estate, a nonresident, had appointed an N.C. attorney as process agent and the summons was served by leaving a copy with the process agent's law partner at their law office. The process agent was a member of a law partnership and N.C.G.S. § 1A-1, Rule 4(j)(7)(a) states that a partnership can be served by delivering a copy to any general partner or by leaving copies with the person who is apparently in charge of the office.

**Am Jur 2d, Process §§ 170 et seq., 198 et seq.**

**4. Limitations, Repose and Laches § 70 (NCI4th); Statutes § 24 (NCI4th) — statute of limitations — "month" — calendar month**

The trial court erred in dismissing plaintiff's action against an estate based on the statute of limitations where the statute allowed "three months" to begin the action and plaintiff filed within three calendar months. It is well-settled that the word "month" shall be construed to be a calendar month, unless otherwise expressed. N.C.G.S. § 12-3, N.C.G.S. § 28A-19-16.

**Am Jur 2d, Executors and Administrators §§ 633 et seq.; Statutes §§ 142 et seq.**

Appeal by plaintiff from order entered 10 July 1992 and filed 28 July 1992 by Judge Cy A. Grant, Sr., in Northampton County Superior Court. Heard in the Court of Appeals 21 October 1993.

*Bailey & Dixon, by Gary S. Parsons and Steven M. Fisher; and Charles M. Slade, Jr., for plaintiff appellant.*

*Revelle, Burleson, Lee & Revelle, by L. Frank Burleson, Jr., for defendant appellee.*

COZORT, Judge.

In this appeal, plaintiff alleges the trial court erred by granting the defendant's motions to dismiss for insufficiency of process, in-

sufficiency of service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. We have reviewed each of the grounds for dismissal and find that the trial court erred in granting defendant's motions. Accordingly, we reverse.

Plaintiff Ruby C. Storey commenced this action on 16 January 1992 to recover compensation from Bernard M. Hailey's estate for services rendered to the decedent. Plaintiff's claim had previously been rejected by defendant Charles A. Hailey, the executor of the decedent's estate, on 17 October 1991. Plaintiff's complaint also contained a claim for $5,000.00, the amount of a check issued by decedent to plaintiff, but which had been returned unpaid because the account upon which it was drawn had been closed.

Because defendant is not a resident of North Carolina, defendant appointed Thomas H. Wellman, an attorney, as his resident process agent to receive service in all actions against the estate. A deputy sheriff of the Halifax County Sheriff's Department made service by leaving a copy of the summons and complaint with William O. White, Jr., Mr. Wellman's law partner, at the offices of Wellman and White in Weldon, North Carolina. The title of the cause as set out in the summons named Charles A. Hailey, 606 Wexwood Court, Richmond, Virginia, as the defendant. The summons was directed to Thomas H. Wellman, "Process Agent for Charles A. Hailey."

On 5 March 1992, Mr. Wellman appeared as counsel of record for defendant. He filed a motion for extension of time to plead, and an order granting the motion was entered by the Northampton County Clerk of Superior Court. The order extended the time for filing an answer up to and including 7 April 1992. By stipulation of counsel, Mr. Wellman obtained a second extension of time for filing an answer on 6 April 1992. The second extension lengthened the time for responding up to and including 7 May 1992. On 4 May 1992, counsel for both parties signed another written stipulation further extending the time for responding to the complaint up to and including 8 June 1992.

On 8 June 1992, defendant, through new counsel, filed and served motions to dismiss the action asserting that plaintiff's claims should be dismissed due to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, and the expiration of the statute of limitations. The hearing on the motions was conducted in chambers on 10 July 1992; the trial court filed an

order on 28 July 1992 dismissing plaintiff's action based on all grounds asserted by defendant.

[1] Plaintiff first argues on appeal that defendant waived his defenses of insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction by obtaining two extensions of time to file a responsive pleading through written stipulation of counsel. Plaintiff maintains that she was "lured into a false sense of security" in that "[d]efendant's initial trial counsel, regardless of his intent, manifestly lead [sic] Plaintiff's trial counsel to believe that there would be no need to continue further process in existence . . . ."

We agree with plaintiff and find that defendant is estopped from asserting the defenses of insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction. Defendant contends that plaintiff has raised the issues of waiver and estoppel for the first time on appeal without a prior objection. As we have no record of any objection or lack thereof since the motions were heard in chambers, we have decided in our discretion pursuant to N.C.R. App. P. 2, to review the issue of whether defendant was estopped from asserting the defenses.

The law in North Carolina provides us with little guidance to resolve the estoppel issue. Cases from other jurisdictions are instructive. For example, in *Tresway Aero, Inc. v. Superior Court of Los Angeles County*, 5 Cal.3d 431, 487 P.2d 1211 (1971), the court refused to grant the defendant's motion to dismiss for insufficiency of service of process where the defendant had received an extension of time in which to make an appearance, but failed to notify the plaintiff of a defect in service. The defendant's action in receiving the extension resulted in plaintiff's failure to serve the summons within the period required by the California statute. In denying the defendant's motion to dismiss, the court explained:

> By requesting that extension, defendant led plaintiff to believe that further service of process on defendant would be duplicatory and redundant.
>
> . . . .
>
> Defendant's conduct in the present case lulled plaintiff into such a "false sense of security," and probably prevented plaintiff from discovering her error and effecting valid service within the statutory period.

We conclude that since the responsibility for plaintiff's failure to effect valid service within the period of [the statute] rests upon defendant, "the ends of substantial justice" . . . will best be served by estopping defendant from moving to dismiss under that section.

*Id.* at 441-42, 487 P.2d at 1218-19.

Similarly, in the case below, plaintiff was deprived of any opportunity to cure any defects in the process or in the service of process, because defendant's counsel led plaintiff's counsel to believe it was unnecessary to continue further process. Defendant, absent the additional extension of time stipulated to by plaintiff's counsel, would have been subject to entry of default following the expiration of the second extension on 7 May 1992. The defendant's conduct in securing extensions of time, through opposing counsel's professional courtesy, to 54 days past the date when plaintiff could have procured endorsement of the original summons or issuance of an alias and pluries summons, acts to estop defendant from asserting these defenses. Any other result would serve only to stifle professional courtesy among members of the bar during a time when legal etiquette and professionalism are becoming more rare.

[2] Even had we decided to find that defendant was not estopped from asserting these defenses, plaintiff's action should not have been subject to dismissal for insufficiency of process, insufficiency of service of process, and the resulting lack of personal jurisdiction. The trial court dismissed the case for insufficiency of process because: (1) the caption on the summons was directed to "Charles A. Hailey, 606 Wexwood Court, Richmond, Virginia 28236," rather than "Charles A. Hailey, Executor of the Estate of Bernard M. Hailey,"; (2) the summons was directed to "Thomas H. Wellman, Process Agent for Charles A. Hailey," rather than to "Charles A. Hailey, Executor of the Estate of Bernard M. Hailey, c/o Thomas H. Wellman, Resident Process Agent for Charles A. Hailey, Executor of the Estate of Bernard M. Hailey,"; and (3) the summons did not notify Mr. Hailey to appear and answer within 30 days after service.

Plaintiff argues the process was sufficient because the caption in the summons amounted to a misnomer and defendant had adequate notice that the action was against the estate rather than against Charles Hailey individually. Again, we must agree with plaintiff's position. Our Supreme Court discussed a similar prob-

STOREY v. HAILEY

[114 N.C. App. 173 (1994)]

lem in *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984), where the complaint and summons were directed to a firm as a professional association, when the firm was in actuality a partnership. In reversing the trial court's dismissal of the action for insufficiency of process, the Court explained:

> "[I]f the misnomer or misdescription does not leave in doubt the identity of the party intended to be sued, or even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit."

*Harris*, 311 N.C. at 546, 319 S.E.2d at 919 (quoting *Bailey v. McPherson*, 233 N.C. 231, 235, 63 S.E.2d 559, 562 (1951) ). We agree with plaintiff that reading the complaint and summons together leaves no doubt as to against whom the action was intended to be brought.

Furthermore, the initial paragraph in the summons is not defective. We recognize that

> a suit of law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947). Here, we find that "any confusion arising from the ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons," *Wiles v. Welparnel Const. Co.*, 295 N.C. 81, 85, 243 S.E.2d 756, 758 (1978), as the documents in tandem indicated the process agent was being served for Charles Hailey, a non-resident, in his capacity as executor of the decedent's estate. The instructions in the summons were also adequate to satisfy the spirit and letter of Rule 4(b) of the North Carolina Rules of Civil Procedure. Accordingly, the trial court erred in dismissing the plaintiff's complaint for insufficiency of process.

[3] Turning now to the issue of insufficiency of service of process, we also conclude the trial court erred in dismissing plaintiff's claim. The trial court dismissed the action because the summons was served by leaving a copy of the summons with the process agent's

STOREY v. HAILEY

[114 N.C. App. 173 (1994)]

law partner at their law office, rather than being served personally on the process agent. Although Thomas H. Wellman was not personally served, we find the service in this case was sufficient. N.C. Gen. Stat. § 28A-4-2 (1984) provides that a personal representative must appoint a non-resident agent to accept service of process in all actions and proceedings concerning the estate. Manner of service is not specified, however, in Chapter 28 of the General Statutes. Therefore, we must review this case to determine whether service complied with the requirements of N.C.R. Civ. P. 4(j).

Although service below was to be made on the decedent's estate, the personal representative, a natural person, was the individual to be served. Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes service on a natural person:

  a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or

  b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (1990). In interpreting Rule 4(j)(6), the provision dictating service on a process agent for a corporation, this Court has stated that with regard to service on an agent, "under North Carolina law we may consider any statute setting forth alternative means of serving such an agent, while under federal law our consideration is limited to statutes providing means of serving corporations." *Great Dane Trailers, Inc. v. North Brook Poultry, Inc.*, 35 N.C. App. 752, 755, 242 S.E.2d 533, 535 (1978). This Court explained:

> The trial court found and the record establishes that at the time this lawsuit was instituted Harvey V. Houser was the registered agent of the defendant corporation . . . . Thus as long as process was served on Houser "in a manner specified by *any statute*" it was effective to confer jurisdiction on the Superior Court. The return of service discloses that process was served on Houser by leaving copies thereof at his house with his wife, "who is a person of suitable age and discretion"

in compliance with Rule 4(j)(1) which provides the manner of serving process upon a natural person. In our opinion by the interplay of the cited statutes the corporate defendant was properly served with process.

*Id.* (emphasis in original).

The process agent in the case at bar, Mr. Wellman, was a member of a law partnership at the time the suit was instituted. Rule 4(j)(7)(a) states that a general or limited partnership can be served:

By delivering a copy of the summons and of the complaint to any general partner . . . or by leaving copies thereof in the office of such general partner, attorney-in-fact or agent with the person who is apparently in charge of the office.

Here, Mr. Wellman was the process agent for the decedent's estate and a member of a law partnership. Pursuant to Rule 4(j)(7), service was made by a member of the Halifax County Sheriff's Department by delivering a copy of the complaint and summons to Mr. White, Mr. Wellman's law partner, at the law office. The service was therefore in compliance with Rule 4, since no individual liability was sought against Mr. White.

Because both the process itself and the service thereof were sufficient to comply with the North Carolina Rules of Civil Procedure, we find the trial court erred in dismissing the plaintiff's case for insufficiency of process and insufficiency of service of process. As a result, the trial court also erred by failing to exercise *in personam* jurisdiction in the case.

[4] Finally, we address the trial court's dismissal of plaintiff's action based on a failure to state a claim because the action was not filed within the statute of limitations. N.C. Gen. Stat. § 28A-19-16 (1984) reads:

If a claim is presented to and rejected by the personal representative or collector, and not referred as provided in G.S. 28A-19-15, the claimant must, within *three months*, after due notice in writing of such rejection, or after some part of the claim becomes due, commence an action for the recovery thereof, or be forever barred from maintaining an action thereon. (Emphasis added.)

**STOREY v. HAILEY**

[114 N.C. App. 173 (1994)]

The defendant rejected plaintiff's claim on 17 October 1991. Plaintiff filed the current action on 16 January 1992. The trial court determined that the statute of limitations was not met because the complaint "should have been filed on or before January 15, 1992, but it was not filed until 2:24 p.m. on January 16, 1992."

N.C. Gen. Stat. § 12-3 (1986) reads:

> In the construction of all statutes the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly, or repugnant to the context of the same statute, that is to say:
>
> * * * *
>
> (3) "Month" and "year".—The word "month" shall be construed to mean a calendar month, unless otherwise expressed . . . . When a statute refers to a period of one or more months and the last month does not have a date corresponding to the initial date, the period shall expire on the last day of the last month.

It is well-settled that "[t]he word 'month' shall be construed to be a calendar month, unless otherwise expressed." *Adcock v. Town of Fuquay Springs*, 194 N.C. 423, 425, 140 S.E. 24, 25 (1927); *Kennedy v. Pilot Life Ins. Co.*, 4 N.C. App. 77, 80, 165 S.E.2d 676, 677 (1969). Consequently, plaintiff had three calendar months, not ninety days, in which to file the present action. Plaintiff did file the action within a three-month period. The trial court thus erred in dismissing plaintiff's cause of action based on the applicable statute of limitations.

We also note that the plaintiff has not argued, and we have not considered, the question of whether defendant's written stipulations constituted a general appearance.

The trial court's order, in its entirety, is therefore

Reversed.

Judges EAGLES and ORR concur.