Alynn LARSON, f/k/a Alynn
Childers, Respondent,

v.

NEW RICHLAND CARE
CENTER, Appellant.

No. C0-94-395.

Court of Appeals of Minnesota.

Aug. 16, 1994.

Katherine L. MacKinnon, Arthur, Chapman, McDonough, Kettering & Smetak, Minneapolis, for appellant.

J. Gordon Rudd, Jr., Ronald S. Goldser, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and PETERSON, JJ.

## OPINION

PETERSON, Judge.

New Richland Care Center appeals from the district court's denial of its motion to dismiss for lack of personal jurisdiction based on ineffective service of process. The district court concluded that appellant waived any objection to ineffective service by requesting extensions of time to answer the complaint and by acknowledging service. We reverse.

## FACTS

Appellant New Richland Care Center (NRCC), a residential nursing care facility, is owned and operated by the City of New Richland. NRCC employed respondent Alynn Larson as a licensed practical nurse. NRCC discharged Larson from employment on September 18, 1991.

On September 10, 1993, Larson attempted to begin a lawsuit against NRCC for breach of contract, violation of Minnesota's whistleblower statute, and negligent or intentional infliction of emotional distress. Larson hired R.L. Kottom to serve the summons and complaint. Kottom went to NRCC and left the summons and complaint with Jeanne Waldhauser. Waldhauser performed receptionist and bookkeeping duties for NRCC; her title was administrative assistant.

In an affidavit, Kottom stated: he told Waldhauser that he wanted to see NRCC's administrator or a managing agent; Waldhauser said no one with a title like that was in at the time; he told her that he had a summons and complaint to serve on NRCC; Waldhauser said she had authority to accept service and had done so in the past; and while he was talking to Waldhauser, Leo Nissen, who Kottom later learned was the Mayor of New Richland, came into NRCC's reception area.

Waldhauser stated in her affidavit that she had no authority to accept service of process for NRCC or New Richland and that to her knowledge, neither NRCC or the city had ever been sued. According to Waldhauser, Kottom asked to see NRCC's president or vice president. When she told him that no one at NRCC had such a title, Kottom asked with whom he could leave some papers. Waldhauser stated that she accepted the papers, but did not know they were legal documents.

Somehow, the summons and complaint were forwarded to Bob A. Goldman, New Richland's city attorney. On September 15 and September 22, 1993, Goldman requested extensions of time to answer. On October 12, 1993, NRCC's attorney, Katherine L. MacKinnon, requested another extension of time to answer. Larson's attorney granted the extensions. MacKinnon served NRCC's answer on October 22, 1993. In its answer, NRCC alleged insufficient service of process as a defense.

## ISSUE

■ Did the district court err in denying the motion to dismiss for lack of personal jurisdiction due to insufficient service of process on grounds that NRCC waived any objection to insufficient service by requesting extensions of time to answer and by acknowledging service?

## ANALYSIS

Minn.R.Civ.P. 4.03(c) sets forth the requirements for serving a summons upon a domestic or foreign corporation. Minn. R.Civ.P. 4.03(e) sets forth the requirements for serving a summons upon a municipal corporation. The district court found that there was insufficient service upon NRCC under either rule 4.03(c) or rule 4.03(e). Larson did not seek review of the district court's finding of insufficient service.

■ A defendant who submits himself to the jurisdiction of the court cannot later raise a defense of insufficient service. *Mississippi*

*Valley Dev. Corp. v. Colonial Enters., Inc.,* 300 Minn. 66, 72, 217 N.W.2d 760, 764 (1974). Generally, an improperly served defendant submits to the court's jurisdiction

> only where the defendant has taken some affirmative step invoking the power of the court or implicitly recognizing its jurisdiction.

*Peterson v. Eishen,* 512 N.W.2d 338, 340 (Minn.1994).

In *Peterson,* following the entry of a default judgment against him in a paternity action, respondent contacted the county attorney, the petitioner in the paternity action, and voluntarily agreed to take a blood test to determine paternity. *Id.* at 339. The supreme court rejected the argument that respondent had submitted to the district court's jurisdiction by making a contact with the opposing party. *Id.* at 340. The court stated:

> [T]here is no evidence in the record that [respondent] had any contact with the court which adjudicated his paternity. Voluntary submission to a blood test without a court order or any other contact with the court does not constitute submission to the jurisdiction of a court which has previously adjudicated paternity. In the absence of some contact with the court, we hold that [respondent] did not submit to the jurisdiction of the court.

*Id.*

Here, as in *Peterson,* there is no evidence in the record that NRCC had any contact with the district court. NRCC only had contact with opposing counsel. By requesting extensions of time to answer, NRCC did nothing to invoke the court's power or recognize its jurisdiction. *See Hengel v. Hyatt,* 312 Minn. 317, 252 N.W.2d 105, 106–07 (1977) (defendant who sought to serve answer and counterclaim which were returned to her before court entered default judgment against her did not submit to court's jurisdiction); *Mississippi Valley,* 300 Minn. at 71, 217 N.W.2d at 763 (defendant who obtained extensions of time to file motion or answer, filed motion to compel arbitration, appealed denial of motion to compel arbitration, and obtained court approval of bond submitted to court's jurisdiction); *Slayton Gun Club v.*

*Town of Shetek,* 286 Minn. 461, 467, 176 N.W.2d 544, 548 (1970) (defendant submitted to court's jurisdiction by being present at several hearings). We, therefore, hold NRCC did not submit to the district court's jurisdiction.

■ The district court also found NRCC acknowledged service. Although the court did not explain its finding, apparently it is based on NRCC having actual notice of the lawsuit. Kottom alleges New Richland's mayor was present when he attempted to serve NRCC, but the record does not indicate when the mayor came into the reception area or whether he heard the discussion between Kottom and Waldhauser. Moreover, actual notice of a lawsuit will not subject a defendant to personal jurisdiction unless the plaintiff substantially complied with Minn. R.Civ.P. 4. *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988). Here, Larson did not substantially comply with rule 4. *See* Minn. R.Civ.P. 4.03(c) (service on corporation must be made by delivering summons to officer or managing agent or another agent designated by statute to receive service); Minn.R.Civ.P. 4.03(e)(2) (service on public corporation made by delivering copy to chief executive officer or clerk of city).

■ We find nothing in the record to show that the district court had personal jurisdiction based on NRCC's acknowledgment of service. Acknowledgment, as the term is used in the rules governing service of process, refers to a written acknowledgment. *See* Minn.R.Civ.P. 4.05 (defendant required to acknowledge in writing receipt of service by mail); Minn.R.Civ.P. 4.06 (service may be proved by written acknowledgment of party served). The record contains no written acknowledgment of service by NRCC.

■ Nor did Waldhauser's alleged statement to Kottom that she was authorized to accept service subject NRCC to the district court's jurisdiction. An attorney may not rely on an employee's claim that she is authorized to accept service; the attorney must examine the law to determine who is authorized to accept service. *Blaine v. Anoka–Hennepin Indep. Sch. Dist. No. 11,* 498 N.W.2d 309, 315 (Minn.App.1993), *pet. for*

*rev. denied* (Minn. June 22, 1993); *see also Winkel v. Eden Rehabilitation Treatment Facility, Inc.*, 433 N.W.2d 135, 138–39 (Minn. App.1988) (process server could not rely on employee's statement that she could accept service).

Citing *Storey v. Hailey,* 114 N.C.App. 173, 441 S.E.2d 602 (1994), Larson argues that NRCC waived any objection to insufficient service of process by asking for more time to answer. *Storey,* however, is based on estoppel. *Id.* 441 S.E.2d at 604–05. Because Larson did not raise an estoppel claim before the district court, we do not decide whether requesting an extension of time to answer until after the statute of limitations runs estops a defendant from asserting an insufficient service of process defense. *See Thiele,* 425 N.W.2d at 582 (party may not raise same general issue decided by district court under new theory on appeal). We note that in this case, the two-year statute of limitations ran before the answer was initially due. *See* Minn.R.Civ.P. 12.01 (defendant has 20 days after service of summons to answer).

Larson did not seek review of the district court's finding that service was insufficient. She argues that the issue is not ripe for appellate review. We disagree. In order to determine whether it had personal jurisdiction over NRCC, the district court had to determine whether service was insufficient. By not seeking review of the district court's finding, Larson waived her right to object to it. *See Arndt v. American Family Ins. Co.,* 394 N.W.2d 791, 793 (Minn.1986) (Minn. R.Civ.App.P. 106, which governs respondent's right to obtain review of issues not raised by appellant, intended to prevent piecemeal decisions and allow this court to resolve all issues in one proceeding).

## DECISION

NRCC did not submit to the district court's jurisdiction by requesting extensions of time to answer the complaint or by acknowledging service. Thus, NRCC did not waive its defense of insufficient service.

**Reversed.**