ROBERT L. MORRIS as Personal Representative of the Estate of Maggie H. Morris, deceased; ROBERT L. MORRIS, Individually; Gary W. MORRIS, Individually; and KENNETH F. MORRIS, Individually, Plaintiffs,
v.
JEAN-LOUISE DIXON, an Attorney; And DIXON & DIXON LAW OFFICES, PLLC, Defendants.
No. COA08-187
Court of Appeals of North Carolina
Filed December 2, 2008.
This case not for publication
Dan L. Merrell & Associates, P.C., by James A. Clark, for plaintiff-appellants.
Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr., for defendant-appellees.
BRYANT, Judge.
Gary W. Morris, Kenneth L. Morris, and Robert L. Morris, individually and as administrator of the estate of Maggie H. Morris (plaintiffs) appeal from an order entered 29 November 2007 granting a motion to dismiss in favor of Jean-Louise Dixon (defendant). We reverse.
On 22 January 2007, plaintiffs filed a complaint against defendants Jean-Louise Dixon and Dixon & Dixon Law Firm, PLLC. On 5 March 2007, a Dare County Deputy Sheriff issued an affidavit of service indicating service of process was effectuated by delivering a copy of the summons to defendant personally. The sheriff's deputy delivered a copy of the summons to the Dixon & Dixon Law Offices, leaving a copy with defendant's husband and law partner. Defendant was present at the office when the deputy delivered the summons and complaint.
On 23 March 2007, defendant and Dixon & Dixon filed a motion for enlargement of time, requesting additional time to respond to plaintiffs' complaint. An extension was granted enlarging the time for response to 6 May 2007. On 7 May 2007, defendants filed a motion to dismiss. Specifically, defendant Jean-Louise Dixon filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure, Rules 12(b)(2), (4), and (5). In support of her motion to dismiss, defendant submitted her sworn affidavit and the sworn affidavits of David R. Dixon and Della R. Green.
On 29 November 2007, the trial court issued an order dismissing plaintiffs' action against Jean-Louise Dixon for insufficient service of process and lack of personal jurisdiction. Plaintiffs appeal.
On appeal, plaintiffs contend: (I) The trial court erred by dismissing their complaint against defendant Jean-Louise because process was served adequately and was sufficient to exercise personal jurisdiction; and (II) defendant should be estopped from challenging the adequacy of the service of process. I
At the outset, we note plaintiffs failed to assign error to any of the trial court's findings of fact. "Where an appellant fails to assign error to the trial court's findings of fact, the findings are presumed to be correct." Okwara v. Dillard Dep't. Stores, Inc., 136 N.C. App. 587, 591, 525 S.E.2d 481, 484 (2000) (internal quotation omitted). Therefore, our review is limited to determining whether the trial court's findings of fact support its conclusions of law. Id.
A court may exercise jurisdiction over a party when process has been served in accordance with one of the methods specified in N.C. Gen. Stat. § 1A-1, Rule 4. Pursuant to Rule 4(j)(1), service of process on a natural person may be had:
a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt.
e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee. Nothing in this sub-subdivision authorizes the use of electronic mailing for service on the party to be served.
N.C.G.S. § 1A-1, Rule 4(j)(1) (2007).
"Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding is commenced, service of the summons and complaint must be accomplished in that manner." Thomas & Howard Co. v. Trimark Catastrophe Servs., 151 N.C. App. 88, 91, 564 S.E.2d 569, 572 (2002). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." Id. (internal citation omitted). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." Glover v. Farmer, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997), disc. review denied, 347 N.C. 575, 502 S.E.2d 590 (1998).
"When [a] return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based." Harrington v. Rice, 245 N.C. 640, 641, 97 S.E.2d 239, 241 (1957). "[T]he burden of proof is upon the party who seeks to set aside the officer's return . . . thereon to establish nonservice as a fact." Id. at 642, 97 S.E.2d at 241. In this case, the trial court made the following relevant and unchallenged findings:
11. [Plaintiffs' attorney]'s Affidavit acknowledges in Paragraph 16, that he learned . . . that no copy of Summons and Complaint was delivered to Jean-Louise Dixon by the deputy, but rather was delivered to her husband at their place of business . . . ;
. . .
14. No copy of the Summons and Complaint in this action has been delivered to Defendant, Jean-Louise Dixon in the manner required by Rule 4(j)(1)a. [sic] of the North Carolina Rules of Civil Procedure, nor has a copy of Summons and Complaint been left at her dwelling house or usual place of abode with some person of suitable age and discretion then residing therein;
15. No copy of Summons and Complaint has been delivered to an agent authorized by appointment or by law to be served or to accept service of process on behalf of Defendant, Jean-Louise Dixon;
16. No copy of Summons and Complaint has been delivered to Defendant, Jean-Louise Dixon by registered or certified mail, by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) or by signature confirmation as provided by the United States Postal Service;
17. The record herein establishes by clear and convincing evidence that Summons and Complaint in this action have not been properly and effectively served upon the Defendant, Jean-Louise Dixon, as required by North Carolina law, and any presumption that might otherwise arise under the circumstances has been rebutted by clear and convincing evidence.
The trial court having found defendant met her burden of proof to overcome the presumption of valid service which arose when the sheriff issued an affidavit confirming service, and the plaintiffs failing to challenge these findings, leaves us only to determine whether these findings support the conclusion that plaintiffs failed to properly serve defendant. We are of the opinion the trial court's conclusion that it lacked personal jurisdiction because plaintiffs failed to properly serve defendant was not in error. Therefore this assignment of error is overruled.

 II
Plaintiffs next argue defendant Jean-Louise should be estopped from challenging whether service of process was sufficient because plaintiffs were denied any opportunity to cure defects in the service of process due to defendant's request for an extension of time.
Plaintiffs rely on Storey v. Hailey, 114 N.C. App. 173, 441 S.E.2d 602 (1994), where this Court held the defendant was estopped from asserting the defense of insufficiency of process. In Storey, a North Carolina attorney was appointed as the resident process agent for an estate. Id. at 175, 441 S.E.2d at 604. When the plaintiff brought an action to recover from the estate, a deputy sheriff delivered a copy of the summons and complaint to the attorney's law office and left a copy with the attorney's law partner. Id. The attorney secured three extensions of time to plead  two of which were granted by stipulation of the plaintiff. The defendant later obtained new counsel and moved for dismissal on the basis of insufficiency of service of process. Id. This Court reasoned the defendant was estopped from asserting the defense because the defendant's conduct "lulled plaintiff into a false sense of security" and plaintiff was deprived of "any opportunity to cure any defects in the process or in the service of process[.]" Id. at 177, 441 S.E.2d at 605.
By contrast, defendant argues the facts of this case are more similar to Northfield Dev. Co. v. Burlington, 156 N.C. App. 427, 577 S.E.2d 717 (2003) (unpublished), in which this Court rejected the plaintiff's argument that the defendant was estopped from asserting insufficient service of process when the defendant requested and was granted an extension of time. In Northfield, the plaintiff attempted service upon the defendant but failed to follow any of the procedures set out by statute. The plaintiff conceded its failure to follow the statutory requirements for service of process, but nevertheless contended the defendant was estopped from asserting the defense of insufficient service of process because the defendant was granted an extension of time. This Court rejected plaintiff's argument reasoning that Storey was distinguishable because the defendant in Northfield filed a motion for an extension of time specifically to determine whether the defense of insufficiency of service of process was appropriate. The Court reasoned the defendant's motion should have put the plaintiff on notice that the service of process might be challenged. Id.
We conclude the facts of this case are most similar to Storey in that plaintiffs were "lulled into a false sense of security" by defendant's actions. Here, defendant was aware that plaintiffs intended to reinstate an action against her that plaintiffs had voluntarily dismissed. Unlike Northfield, plaintiffs attempted to serve defendant on several occasions by certified mail in compliance with statutory requirements. However, on each attempt, defendant refused service. Plaintiffs made an attempt to serve defendant under Rule 4(j)(1)(b) by delivering the summons and complaint to the Sheriff's office to be served upon defendant. When the Sheriff's deputy delivered the summons and complaint to the defendant's law offices, the Sheriff left a copy with defendant's husband and law partner. Defendant admits in her affidavit that she was at her law office when the deputy served process. Further, although defendant's husband and law partner stated in his affidavit that he never represented to the deputy that he was authorized to accept service on behalf of defendant, as an attorney and officer of the Court, he was aware that he could not accept service on defendant's behalf and that defendant was present in the office at that time.
Although the Sheriff's deputy delivered the service of process to defendant's husband and law partner as opposed to defendant personally, "no amount of diligence by the plaintiff[s] or [their] counsel would have revealed this mistake by the deputy sheriff." Harris v. Maready, 311 N.C. 536, 543, 319 S.E.2d 912, 917 (1984). Given the circumstances of this case, especially in light of the inadvertent mistake made by the Sheriff's office, and defendant Jean-Louise Dixon's prior knowledge of the pending lawsuit, notice of the pending lawsuit against the defendant's law firm, and the service of process being delivered to defendant's law partner and husband, we hold defendant is estopped from asserting the defense of insufficiency of service of process. See Storey, 114 N.C. App. at 177, 441 S.E.2d at 605.
For the reasons given herein, we reverse the order of the trial court.
REVERSED.
Judges JACKSON and ARROWOOD concur.
Report per Rule 30(e).