SANDRA D. BOYD, PLAINTIFF v. ALTA D. SANDLING, INDIVIDUALLY, AND AS EXECUTRIX OF THE ESTATE OF JAMES ALFRED SANDLING, JR., SDLG HOLDINGS, INC. D/B/A SANDLING FUNERAL HOME, INC., DEFENDANTS

No. COA10-590

(Filed 15 March 2011)

**Negligence— personal injury—sufficiency of service of process—statute of limitations**

The trial court erred by dismissing plaintiff's complaint for personal injury arising out of an automobile accident based on alleged insufficient process, and the case was remanded for further proceedings. Defendant was properly served, both individually and as executrix of an estate, within the time prescribed by N.C.G.S. § 1A-1, Rule 4. Further, plaintiff brought her suit before the expiration of either the statute of limitations under N.C.G.S. § 1-52(16) for personal injury due to negligence or the time limit set by the non-claim statute under N.C.G.S. § 28A-19-3(f).

---

BOYD v. SANDLING

[210 N.C. App. 455 (2011)]

Appeal by plaintiff from order entered 12 February 2010 by Judge Orlando F. Hudson, Jr., in Vance County Superior Court. Heard in the Court of Appeals 17 November 2010.

*Arlene L. Velasquez-Colon for plaintiff.*

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for defendants.*

ELMORE, Judge.

Sandra D. Boyd (plaintiff) appeals an order dismissing her claim against Alta D. Sandling (defendant), executrix of the Estate of James A. Sandling, Jr. (Sandling Estate). After careful consideration, we reverse the order below.

On 3 April 2009, plaintiff filed a complaint against defendant, "individually, and as executrix of the Estate of James Alfred Sandling, Jr.," and SDLG Holdings, Inc., d/b/a Sandling Funeral Home, Inc. According to the complaint, on 5 April 2006, plaintiff was the passenger in a vehicle driven by Danielle McDougal Lemay while Lemay drove south on Capital Boulevard in Franklinton. James Sandling was driving east on RP 1127 and failed to stop at the road's intersection with Capital Boulevard. Sandling entered the intersection, crossing Lemay's path southward. Lemay's vehicle collided with Sandling's. Sandling died as a result of the collision, and plaintiff was seriously injured. Plaintiff alleged that Sandling's negligence in driving his vehicle was the proximate cause of her injuries. She also alleged that defendant was the owner of the vehicle that caused her injuries.

On 20 April 2006, defendant became the executrix of the Sandling Estate. On 29 January 2007, plaintiff's attorney sent a letter to defendant via certified mail. The letter was addressed to "Alta D. Sandling[,] Executrix for the Estate of James L. Sandling, Jr." In relevant part, the letter stated:

> Please be advised that I am representing [plaintiff] Sandra Boyd, a passenger in a motor vehicle accident that occurred on April 5, 2006[,] involving your husband. Ms. Boyd sustained serious physical injuries during this accident.

> This letter serves as a notice to you in your official capacity as the executrix of your late husband's estate concerning Ms. Boyd's forthcoming claim against the Estate of James A. Sandling, Jr. Currently, the amount of that claim is not yet known. Please forward a copy of this letter to Mr. Sandling's insurance company.

Plaintiff also sent copies of the Franklin County Clerk of Court and defendant's counsel, Currin & Dutra, LLP.

On 22 August 2008, defendant submitted an affidavit of notice to creditors to the Franklin County Clerk of Court. The form includes two options, and defendant checked the second option, which "should be checked only in cases where the decedent had no outstanding debts, or the personal representative has paid in full all known debts." The second option states: "No copy of the Notice to Creditors required by G.S. 28A-14-1 was mailed or personally delivered because, after making a reasonable effort within the time provided by law, I am satisfied that there are no persons, firms or corporations having unsatisfied claims against the decedent." On 8 October 2008, defendant filed a final account of the Sandling Estate. Defendant was discharged from her duty as executrix, and the estate was closed.

On 3 April 2009, plaintiff filed her complaint. On the same day, a summons was issued to "Alta D. Sandling, Individually and as Executrix of the Estate of James Alfred Sandling, Jr.," at her address in Youngsville. On 14 May 2009, plaintiff submitted an affidavit of service by certified mail, stating that "Alta D. Sandling" had been served a copy of the summons and complaint. Plaintiff included a photocopy of the return receipt, which includes defendant's signature and is dated 17 April 2009.

On 11 June 2009, defendant, as executrix of the Sandling Estate, filed a response to plaintiff's complaint. Defendant moved to dismiss plaintiff's complaint for failure to state a claim, alleging that, because she had been discharged as executrix, she could not be a proper party to the suit as a matter of law. She also alleged that the complaint should be dismissed for insufficiency of process and insufficiency of service of process. On the same day, defendant, individually, answered plaintiff's complaint and moved to dismiss it for failure to state a claim.

On plaintiff's motion, the Franklin County Clerk reopened the Sandling Estate on 30 December 2009 *nunc pro tunc* 8 October 2008. Specifically, the Clerk's order decreed:

> [T]he Estate of James A. Sandling, Jr[.,] shall be reopened, Alta D. Sandling shall continue to serve as the Executrix of the Estate of James A. Sandling, Jr., and Sandra D. Boyd's claims against the Estate of James A. Sandling, Jr.[,] shall be limited to any automobile insurance policies in effect at the time of the

April 5, 2006[,] automobile accident involving James A. Sandling, Jr.[1]

In her order, the Clerk concluded that "[n]otice was given by Sandra Boyd's attorney to Executrix Alta D. Sandling and her representative concerning Sandra D. Boyd's forthcoming claim," and "Executrix Alta D. Sandling did not mail a personal notice to known creditor, Sandra D. Boyd."

After a hearing, the trial court entered an order granting the motion to dismiss "filed by the Defendant, Alta D. Sandling, named as Executrix of the Estate of James Alfred Sandling, Jr.[,] pursuant to Rules of Civil Procedure, 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) and due to the expiration of the applicable statutes of limitation." Plaintiff now appeals from that order.

Plaintiff argues that the trial court erred by granting defendant's motion to dismiss. We agree.

> We review a trial court's decision to dismiss an action based on the statute of limitations *de novo*. Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of limitations which is a matter of law. The statute of limitations having been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period.

*Reece v. Smith*, 188 N.C. App. 605, 607, 655 S.E.2d 911, 913 (2008) (quotations and citations omitted).

According to the hearing transcript, the trial court dismissed plaintiff's complaint because process was insufficient. Plaintiff's appeal raises several other interrelated procedural questions, which we address as they arise in our analysis.

Rule 4 of our Rules of Civil Procedure requires that, after a complaint is filed, a summons be issued within five days. N.C. Gen. Stat. § 1A-1, Rule 4(a) (2009). The summons "shall be directed to the defendant or defendants and shall notify each defendant to appear and to answer[.]" *Id.*, Rule 4(b). "All actions . . . brought . . . against personal representatives . . . upon any cause of action or right to which the estate of the decedent is the real party in interest, must be

---

1. We express no opinion as to the propriety of this order, and its inclusion herein should not be construed as an endorsement.

brought against them in their representative capacity." N.C. Gen. Stat. § 28A-18-3 (2009). If the complaint and the caption of the summons set out the appropriate defendant, "any confusion arising from . . . ambiguity in the directory paragraph of the summons [is] eliminated[.]" *Storey v. Hailey,* 114·N.C. App. 173, 178, 441 S.E.2d 602, 605 (1994); *see also Hazelwood v. Bailey,* 339 N.C. 578, 586, 453 S.E.2d 522, 526 (1995) (discussing several cases in which service was not defective even though the person to whom the summons was directed and the person named in the summons caption and complaint were not identical).

The personal representative of an estate is a natural person. *Storey,* 114 N.C. App. at 179, 441 S.E.2d at 606. Service upon a natural person may be made by "certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)c (2009). "Personal service . . . must be made within 60 days after the date of the issuance of summons. When a summons has been served upon every party named in the summons, it shall be returned immediately to the clerk who issued it, with notation thereon of its service." *Id.,* Rule 4(c). "When there is neither endorsement by the clerk nor issuance of alias or pluries summons within [60 days], the action is discontinued as to any defendant not theretofore served with summons within the time allowed." *Id.,* Rule 4(e).

Here, plaintiff filed her complaint on 3 April 2009, and, on the same day, a summons was issued to defendant. Under "Name ·Of Defendant(s)" on the summons form, the summons lists "SDLG Holdings, Inc. D/B/A Sandling Funeral Home, Inc.,"[2] and "Alta D. Sandling, Individually and as Executrix of the Estate of James Alfred Sandling, Jr." Under "To Each of the Defendant(s) Named Below" and "Name And Address Of Defendant 2" on the summons form, the summons lists "Alta D. Sandling" and her address in Youngsville. The caption of the complaint names plaintiff in her individual capacity and her capacity as executrix of the Sandling Estate. The record includes an affidavit of service filed by plaintiff's counsel, which states

> [t]hat a copy of the Summons and Complaint filed in this action were deposited in the United States Mail by certified mail, return receipt requested, to the Defendant, Alta D. Sandling, to her last known address; that the Summons and Complaint were

---

2. It appears from the record that SDLG Holdings, Inc., was not served, and plaintiff indicates in her brief that she dismissed her complaint against SDLG Holdings, Inc.

in fact received as evidenced by the signed return receipt attached hereto and incorporated herein by reference.

Defendant argues that the affidavit of service proves that the summons was only issued to Alta D. Sandling in her individual capacity, but we can find no authority for the proposition that the affidavit of service trumps the summons in this respect. It appears clear from the record before this Court that defendant was properly served, both individually[3] and as executrix of the Sandling Estate, within the time prescribed by Rule 4.

We turn next to the time limits imposed by the nonclaim statute and the statute of limitations. "In North Carolina, when a claim is brought against a decedent, there are two statutory mechanisms that limit the time in which a claimant can bring the suit against the decedent's estate: (1) the non-claim statute (section 28A-19-3) and (2) the applicable statute of limitations." *Azalea Garden Bd. & Care, Inc. v. Vanhoy*, 196 N.C. App. 376, 386, 675 S.E.2d 122, 129 (2009). "A cause of action may be barred by either or both of these statutes." *Ragan v. Hill*, 337 N.C. 667, 671, 447 S.E.2d 371, 374 (1994). The non-claim statute

> serves a different purpose and operates independently of the statute of limitations that may also be applicable to a given claim. Section 28A-19-3 is a part of Chapter 28A, . . . [which was] enacted . . . to provide faster and less costly procedures for administering estates. The time limitations prescribed by this section allow the personal representative to identify all claims to be made against the assets of the estate early on in the process of administering the estate. The statute also promotes the early and final resolution of claims by barring those not presented within the identified period of time.

*Id.* Subsection 28A-19-3(a) applies to claims that arose against a decedent's estate before his death; with exceptions not applicable here, the statute requires such claims to be filed within ninety days of the date that either general notice to creditors is published or individual notices are sent to creditors. N.C. Gen. Stat. § 28A-19-3(a) (2009). If a claim is not brought within the prescribed time period,

---

3. Plaintiff also asserts that the 12 February 2010 order dismissed her claim against defendant, individually, as well as her claim against the Sandling Estate. To allay plaintiff's fear, we note that the order only dismissed plaintiff's claim against defendant as the executrix of the Sandling Estate. The order had no effect on plaintiff's claim against defendant, individually. Defendant openly agrees.

the claim is barred. *Id.* However, when, as here, neither individual notices nor general notice were issued to creditors, claims otherwise "barrable" under subsection (a) are barred "three years after the death of the decedent." *See* N.C. Gen. Stat. § 28A-19-3(f) (2009) ("All claims barrable under the provisions of subsections (a) and (b) hereof shall, in any event, be barred if the first publication or posting of the general notice to creditors as provided for in G.S. 28A-14-1 does not occur within three years after the death of the decedent.").

The non-claim statute also addresses the intersection of statutes of limitation and the non-claim statute: "Except as otherwise provided by subsection (f) of this section, no claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim is presented within the period provided by subsection (a) hereof." N.C. Gen. Stat. § 28A-19-3(c) (2009).

"The statute of limitations for personal injury due to negligence is three years." *Latham v. Cherry,* 111 N.C. App. 871, 873, 433 S.E.2d 478, 480 (1993) (citing N.C. Gen. Stat. § 1-52(16)). Personal injury claims accrue when the "bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16) (2009). Here, the bodily harm to plaintiff became apparent on the day of the car accident, 5 April 2006, which was also the day that James Sandling died. Accordingly, both the three-year statute of limitations and the three-year time limit set by § 28A-19-3(f) began to run on 5 April 2006, and both time limits expired on 5 April 2009.

Plaintiff brought her suit on 3 April 2009, before the expiration of either the statute of limitations or the time limit set by the non-claim statute. She named the estate's personal representative as a defendant, as required by statute. *See* N.C. Gen. Stat. § 28A-18-3 (2009). The estate was closed at the time plaintiff brought her suit, but the executor of a closed estate may, in some circumstances, still be a proper defendant in a lawsuit. *See In re Miles,* 262 N.C. 647, 652, 138 S.E.2d 487, 491 (1964) ("[A]n order of discharge made by the probate court on a final accounting by an executor cannot do more in any event than discharge the executor from liability for the past. *It does not destroy the executorship* . . . . We do not believe the right of [the] petitioner can be defeated merely because the administratrix c. t. a. of the estate of Miles has filed her so-called final account and been discharged, when . . . [the] petitioner . . . commenced the action to recover damages for wrongful death *within the statutory period.*")

(emphases added; quotations and citations omitted). Neither defendant nor the trial court have offered any other support for the dismissal of plaintiff's case, nor is any apparent to us.

Accordingly, we reverse the order dismissing plaintiff's complaint and remand to the trial court for further proceedings.

Reversed.

Judges HUNTER, Robert C., and CALABRIA concur.