LINCOLN CONSTRUCTION COMPANY v. THE PROPERTY CONTROL AND CONSTRUCTION DIVISION OF THE DEPARTMENT OF ADMINISTRATION OF THE STATE OF NORTH CAROLINA

No. 681SC405

(Filed 5 February 1969)

1. **State § 4— actions against the State**

     The State may not be sued unless by statute it has consented to be sued or has otherwise waived its immunity from suit.

2. **State § 4— contract action against State agency**

     The Property Control and Construction Division of the Department of Administration is an agency of the State which is not subject to suit on contract or for breach thereof unless and except in the manner expressly authorized by statute.

3. **State § 4; Statutes § 5— statute waiving sovereign immunity — construction**

     Statutes permitting a State agency to be sued are in derogation of the sovereign right of immunity and must be strictly construed.

4. **State § 4— actions against State agency — contracts for public buildings — G.S. 143-135.3**

     G.S. 143-135.3 authorizes suit against State agencies in the superior court only upon contracts for the construction of buildings and appurtenances thereto which have been awarded under the provisions of G.S. Ch. 143, Art. 8, and does not apply to contracts for grading and paving unless such grading and paving is an appurtenance to a public building.

5. **State § 4— actions against State agencies — airport grading and paving contract — G.S. 143-135.3**

     G.S. 143-135.3 does not authorize a suit in the superior court against a State agency to recover upon a contract relating to the grading and paving of an airport and calling for construction of a runway, taxiway, apron, turnaround and access road, these not being "appurtenances" to any building.

APPEAL by defendant from *Cowper, J.,* 8 January 1968 Civil Session of DARE Superior Court.

This is a civil action instituted in the Superior Court of Dare County in which plaintiff, a corporation engaged in the earth moving and paving business, seeks to recover $36,366.77 from the defendant as additional compensation allegedly due under the terms of a contract between the parties relating to the grading and paving of an airport at Kill Devil Hill in Dare County. Defendant is an agency of the State of North Carolina. In its complaint the plaintiff alleged the execution of the contract, dated 20 August 1963, a copy of which was attached as an exhibit to the complaint; completion of

the work to be performed thereunder by plaintiff on 12 December 1963; and acceptance of said work by the defendant. Plaintiff's claim for additional compensation was based in part on representations which plaintiff alleged were made by defendant to plaintiff in the invitation to bid and in the contract between the parties as to the amount of unclassified excavation and the amount of borrow material plaintiff might be required to move under the contract, which representations plaintiff alleged had been breached by defendant resulting in additional costs to the plaintiff. Plaintiff also alleged that it had been required to do additional work because of failures in the soil-cement base which plaintiff alleged were caused by the defendant's directing a lower percentage of cement in the mix than as specified in the contract. Plaintiff also claimed certain additional compensation in the form of interest which plaintiff alleged was due it because of alleged failures of defendant to make payments to the plaintiff as called for under the contract. In its complaint plaintiff also alleged that it had submitted to the Director of the North Carolina Department of Administration a written and verified claim setting forth the facts on which its claim was based, and that on 22 February 1966 said Director had in writing denied plaintiff's claim for additional compensation. This action was commenced on 21 April 1966. Plaintiff's complaint alleges that this action is instituted under and pursuant to the provisions of G.S. 143-135.3.

Defendant demurred to the plaintiff's complaint, which demurrer was overruled by Judge Chester Morris. Defendant then filed answer, admitting execution of the contract but denying any misrepresentations or delays in payment, and a further answer and counterclaim in which defendant alleged that as a result of plaintiff's poor workmanship, improper equipment, and improper mixing of the soil-cement, defendant had paid plaintiff $9,060.00 in excess of the amount which would have been paid had the project been properly constructed, and that defendant had by mistake paid plaintiff an additional $4,900.00 for borrow material used in the base course, whereas defendant alleged it was obligated under the contract to pay plaintiff only for borrow material used in the subgrade. Plaintiff filed reply, denying material allegations of defendant's further answer and counterclaim.

The case was heard by Judge Cowper without a jury under the provisions of G.S. 143-135.3. The court entered judgment making findings of fact and adjudging that plaintiff recover $28,280.20 from the defendant and that defendant recover nothing of plaintiff by reason of the counterclaim. From the entry of this judgment defendant appealed, assigning errors.

*Pittman, Staton & Betts, by William W. Staton; and Stevens, Burgwin, McGhee & Ryals, by Granville Ryals for plaintiff appellee.*

*Attorney. General T. W. Bruton, Assistant Attorney General Parks H. Icenhour, and Staff Attorney William B. Ray for defendant appellant.*

PARKER, J.

Appellant's first assignment of error is directed to the court's order overruling defendant's demurrer to plaintiff's complaint. Defendant's demurrer challenged the jurisdiction of the superior court to adjudicate the matters alleged in the complaint.

[1-3] It is settled as a general rule that the State may not be sued unless by statute it has consented to be sued or has otherwise waived its immunity from suit. *Teer Co. v. Highway Commission,* 265 N.C. 1, 143 S.E. 2d 247; *Ferrell v. Highway Commission,* 252 N.C. 830, 115 S.E. 2d 34. The defendant in this case is an agency of the State. It is not subject to suit on contract or for breach thereof unless and except in the manner expressly authorized by statute. Moreover, statutes permitting suit, being in derrogation of the sovereign right of immunity, are to be strictly construed. *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703. The question presented by this appeal must be decided in the light of the foregoing well-recognized principles.

Plaintiff's cause of action is founded on contract. Plaintiff contends that it is authorized to maintain this suit by G.S. 143-135.3. This statute was originally enacted as Chapter 1022 of the 1965 Session Laws which was entitled "An Act To Provide For The Equitable And Expeditious Settlement Of Controversies Arising Between Boards Of Governing Bodies Of The State Government Or Of A State Institution, And The Awardees Of Building Construction Contracts Which Are Subject To Article 8 Of Chapter 143 Of The General Statutes." The statute first became effective upon its ratification on 14 June 1965. It was reenacted with slight modifications, none of which are material to a decision of this appeal, by Chapter 860 of the Session Laws of 1967, which Act rewrote Article 8 of Chapter 143 of the General Statutes. G.S. 143-135.3 does authorize the filing of an action in the superior court in certain cases and subject to conditions precedent as specified in the statute. This appeal presents, therefore, the question whether plaintiff's action is authorized by G.S. 143-135.3

For present purposes the pertinent portions of this statute are as follows:

"Upon completion of *any contract for construction or repair work awarded* by any State board to any contractor, *under the provisions of this article,* should the contractor fail to receive such settlement as he claims to be entitled to under terms of his contract, he may, within 60 days from the time of receiving written notice as to the disposition to be made of his claim, submit to the Director of the Department of Administration a written and verified claim for such amount as he deems himself entitled to under the terms of said contract, setting forth the facts upon which said claim is based. . . .

"As to such portion of the claim which may be denied by the Director of the Department of Administration, the contractor may, within six months from receipt of the decision, institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed . . .

\*    \*    \*    \*    \*

" 'A contract for construction or repair work,' as used in this section, is defined as any contract *for the construction of buildings and appurtenances thereto,* including, but not by way of limitation, utilities, plumbing, heating, electrical, air conditioning, elevator, excavation, grading, paving, roofing, masonry work, tile work and painting, and repair work." (Emphasis added.)

[4]    It is apparent, therefore, that the statute by virtue of its express language is applicable only to contracts for the *construction of buildings and appurtenances thereto which have been awarded under the provisions of Article 8* of Chapter 143 of the General Statutes. Article 8 relates to contracts for public *buildings.*

[4, 5]    By express statutory definition G.S. 143-135.3 does not apply to contracts for grading and paving unless such grading and paving is an appurtenance to a public building. The contract under which plaintiff sues in this case relates to the grading and paving of an airport and called for construction of a 3000 foot runway, a taxiway, apron and turnaround, and an access road. These were not "appurtenances" to any building, and plaintiff's contract does not fall within the statutory definition provided in G.S. 143-135.3.

In view of our opinion that G.S. 143-135.3 is in any event by virtue of the statutory definition contained therein not applicable

to the type of contract here sued upon, we have not found it necessary to decide whether the statute is retroactively applicable to any contracts made and performed prior to its enactment. Since plaintiff's suit is not authorized by G.S. 143-135.3 and since we find no other statute by which the State's sovereign immunity has been waived in this case, defendant's demurrer to plaintiff's complaint should have been sustained.

The order which overruled the demurrer is

Reversed.

BROCK and BRITT, JJ., concur.