IN RE THOMPSON ARTHUR PAVING COMPANY, A DIVISION OF APAC-CAROLINA, INC.'S CONTRACT CLAIM WITH THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 8510BSCA1306

(Filed 1 July 1986)

State § 4.4— construction of highway—action to recover extra costs—appeal from Highway Administrator—theory on appeal

Where petitioner paving contractor filed a claim with the State Highway Administrator on the ground of "changed conditions," and the Administrator denied the claim in its entirety, the contractor could not thereafter appeal to the Board of State Contract Appeals on different theories of equitable adjustment of the contract, extra work, alteration of plans, and breach of contract, since a party who appeals from the State Highway Administrator to the superior court is bound by the theory of the claim brought before the Administrator; N.C.G.S. § 136-29(b) requires this conclusion by its language that the contractor may sue the Administrator "[a]s to such portion of the claim as is denied"; this strict reading is in accordance with the principle of retaining to the State all sovereign immunity that is not expressly waived; in 1983 the Legislature amended the statute to allow appeal of the Administrator's decision to the Board of State Contract Appeals in lieu of instituting a civil action in superior court; and the same standards should apply to the contractor's appeal to the Board as would have applied had the contractor filed suit in superior court. N.C.G.S. § 143-135.16(c) (Cum. Supp. 1985).

APPEAL by respondent from judgment of the North Carolina Board of State Contract Appeals entered 18 July 1985. Heard in the Court of Appeals 16 April 1986.

Thompson-Arthur Paving Company and the North Carolina Department of Transportation (DOT) entered into a contract on 8 January 1982 for the construction of State Highway Project No. 8.1528907 in Davidson County. The contract contained the following statement on subsurface information: "There is no subsurface information available on this project. The contractor shall make his own investigation of subsurface conditions." Also, Article 104-6 of the Standard Specifications for Roads and Structures (SSRS), 1 July 1978, entitled "Changed Conditions," was deleted in its entirety from the contract. The contract provided for a lump-sum payment to Thompson-Arthur for contract Item #108, portable temporary traffic control devices that would be needed as the work interfered with normal traffic on the road.

In re Thompson Arthur Paving Co.

Construction began on 25 February 1982, after which a high moisture content and unstable subgrade were discovered. These conditions resulted in several supplemental agreements entered into by the parties and an extension of 277 days in the contract completion date. None of these supplemental agreements provided extra compensation for portable temporary traffic control.

Pursuant to N.C. Gen. Stat. § 136-29(a) (1981), on 7 September 1984, Thompson-Arthur sent a verified claim to the State Highway Administrator seeking $6,230.00 in additional compensation for Item #108. A hearing on the claim was held on 18 December 1984 at which Thompson-Arthur argued for the additional sum in light of the changed conditions occurring at the site. By letter of 7 January 1985, the Administrator denied the claim in its entirety, noting as one of his reasons that a "changed conditions" basis for additional compensation was not available to Thompson-Arthur, as that provision had been deleted from the contract.

Thompson-Arthur then appealed this decision to the Board of State Contract Appeals, an alternative to civil action in superior court established by N.C. Gen. Stat. § 136-29(c1) (Cum. Supp. 1985) and N.C. Gen. Stat. § 143-135.10 *et seq.* (Cum. Supp. 1985). In its notice of appeal, Thompson-Arthur revised its claim to $16,403.33.

At the hearing before the Board, Thompson-Arthur acknowledged that the "changed conditions" argument was not available and instead contended that the claim should be awarded based on theories of "equitable adjustment" of the contract, "extra work" pursuant to Article 104-7 of the SSRS, "alteration of plans" pursuant to Article 104-3 of the SSRS and breach of contract.

The Board found for Thompson-Arthur in the amount of $14,835.48 plus interest. The judgment contained the following conclusions of law, in pertinent part:

.   .   .

(2) The parties hereto may present and the Board may hear and consider all admissible evidence, all relevant legal theories applicable to the instant case, this hearing being *de novo.*

. . .

(6) Appellant is entitled to additional compensation under the express terms of the contract and documents incorporated by reference therein.

(7) The Board makes no conclusion relative to Appellant's issue of equitable adjustment.

The judgment's findings of fact imply that the "express terms of the contract" which the Board found entitled Thompson-Arthur to compensation were those of Article 104-3 of the SSRS, entitled "Alteration of Plans or Details of Construction."

From this judgment, the Department of Transportation appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorneys General Thomas H. Davis, Jr. and Evelyn M. Coman, for the Department of Transportation.*

*C. Thomas Ross for petitioner-appellee.*

WELLS, Judge.

In its first argument, the DOT contends that the Board erred by failing to dismiss Thompson-Arthur's claim for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. DOT argues that Thompson-Arthur changed both the theory and the substance of the claim after the claim was denied by the Administrator and that these changes divested the Board of jurisdiction to hear the appeal.

It is an established principle of jurisprudence, resting on grounds of sound public policy, that a state may not be sued in its own courts or elsewhere unless it has consented by statute to be sued or has otherwise waived its immunity from suit. *Smith v. Hefner*, 235 N.C. 1, 68 S.E. 2d 783 (1952); *Mattox v. State*, 21 N.C. App. 677, 205 S.E. 2d 364 (1974). By application of this principle, a subordinate division of the state or an agency exercising statutory governmental functions may be sued only when and as authorized by statute. *Smith v. Hefner, supra.* Waiver of sovereign immunity may not be lightly inferred and statutes waiving this immunity, being in derogation of the sovereign right to immunity,

must be strictly construed. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E. 2d 618 (1983).

The sole statutory grounds that allow suit against the State Highway Administrator are provided in N.C. Gen. Stat. § 136-29 (1981). *See In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 309 S.E. 2d 183 (1983). That statute reads, in pertinent part, as follows:

> (a) Upon the completion of any contract for the construction of any State highway awarded by the Department of Transportation to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract, he may . . . submit to the State Highway Administrator a written and verified claim for such amount as he deems himself entitled to under the said contract setting forth the facts upon which said claim is based. In addition, the claimant, either in person or through counsel, may appear before the State Highway Administrator and present any additional facts and argument in support of his claim. . . .

> (b) As to such portion of the claim as is denied by the State Highway Administrator, the contractor may, within six (6) months from receipt of said decision, institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a verified complaint and issuance of summons in the Superior Court of Wake County or in the superior court of any county wherein the work under said contract was performed. The procedure shall be the same as in all civil actions except as herein and as hereinafter set out.

> (c) All issues of law and fact and every other issue shall be tried by the judge, without a jury. . . .

A case similar to the one *sub judice* is *Bridge Co. v. Highway Comm.*, 30 N.C. App. 535, 227 S.E. 2d 648 (1976). In that case, the contractor had presented its claim to the Administrator on the theory that the Department of Transportation had misrepresented the moisture content of the soil below the site and the claim was denied on the basis that there was no misrepresentation. At trial, the court agreed with this decision on the same basis. The contractor argued on appeal that the statute provided for a trial *de novo* and therefore the trial court should have considered the

contractor's claim on the additional theories of changed conditions, extra work or reclassification of materials. This Court held that the contractor could sue the Commission only in the manner provided by the statute and was therefore bound by the theory of the claim brought before the Commission. *Bridge Co. v. Highway Comm., supra.* The words of the statute that call for this conclusion are that the contractor may sue the Administrator "[a]s to such portion of the claim as is denied." G.S. 136-29(b). This strict reading is in accordance with the principle of retaining to the State all sovereign immunity that is not expressly waived.

In 1983 the Legislature amended the statute to allow appeal of the Administrator's decision to the Board of State Contract Appeals in lieu of instituting a civil action in superior court. N.C. Gen. Stat. § 136-29(c1) (Cum. Supp. 1985). DOT argues that the same standards should apply to Thompson-Arthur's appeal to the Board as would have applied had Thompson-Arthur filed suit in superior court. We agree. Though the statute terms the Board an alternative to civil suit, the claim allowed to the Board is nevertheless a waiver of sovereign immunity, the terms of which are to be strictly construed. By this logic we apply the same restrictions on maintaining a claim to the Board as those for a claim to superior court, for there is no language, express or implied, that the creation of this alternative was to expand the substantive rights of the contractor against the sovereign immunity of the State.

To the same effect, the language of N.C. Gen. Stat. § 143-135.16(c) (Cum. Supp. 1985) is very strict: "The appellant shall not be permitted to rely upon any grounds for relief on appeal which were not set forth specifically in his notice of appeal filed with the Board." Though the Administrator based his denial of Thompson-Arthur's claim on the lack of a "changed conditions" provision in the contract, Thompson-Arthur did not set forth in its appeal notice any intent to pursue theories of equitable adjustment, extra work, breach of contract or alteration of plans; this last provision the one upon which the Board apparently based its award.

As we reverse the Board's decision on the grounds set forth above, we do not find it necessary to address DOT's remaining contentions.

Reversed.

Chief Judge HEDRICK and Judge MARTIN concur.