RPR & ASSOCIATES, INC., a SOUTH CAROLINA CORPORATION, PLAINTIFF v. THE STATE OF NORTH CAROLINA, THE UNIVERSITY OF NORTH CAROLINA-CHAPEL HILL AND THE NORTH CAROLINA DEPARTMENT OF ADMINISTRATION, DEFENDANTS

No. COA98-1581

(Filed 15 August 2000)

**1. Appeal and Error— appealability—interlocutory order— denial of motion to dismiss—sovereign immunity defense— substantial right**

Although the denial of a motion to dismiss is generally not immediately appealable based on the fact that it is an interlocutory order, the Court of Appeals allowed an immediate appeal because the denial of defendants' motions to dismiss based upon the defense of sovereign immunity affects a substantial right.

**2. Immunity— sovereign—contract claim**

The trial court did not err in concluding that plaintiff-contractor followed the statutory procedures provided under N.C.G.S. § 143-135.3 in order to have defendants' sovereign immunity waived in an action involving contract claims against the State and its agencies, because: (1) the statute provides that the contractor must first submit its claim to the director of the Office of State Construction and await the director's decision, which plaintiff did; (2) if a contractor is displeased with the director's decision, it may then appeal that decision by either instituting a contested case hearing before an ALJ, or in lieu of that option, by filing a complaint in superior court; and (3) in the instant case, plaintiff initially chose the contested case option but never availed itself of any of those proceedings before it then opted to proceed in superior court instead, as allowed by the statute.

**3. Process and Service— state agency—registered agent receiving service**

Although the long-standing rule in this State is that a summons should direct service upon defendant itself and not upon its process agent, the trial court did not err in denying defendant-UNC-CH's motions to dismiss for insufficient service of process based on the summons directing service only upon the state agency's registered agent, because: (1) N.C.G.S. § 1A-1, Rule 4(b) is leniently applied in the context of corporations and state agencies when the caption listed on the summons, together with the complaint attached to that summons, clearly demonstrates that it

is the corporate defendant, not its agent, that is being sued; and (2) the fact that the summons does not state that the person listed is the process agent is immaterial.

Judge McGEE dissenting.

Appeal by defendants University of North Carolina-Chapel Hill and North Carolina Department of Administration from order entered 16 July 1998 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 6 October 1999.

*Wilson & Waller, P.A., by Brian E. Upchurch and Betty S. Waller, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Associate Attorney General Thomas J. Pitman, for defendant-appellant University of North Carolina-Chapel Hill.*

*Attorney General Michael F. Easley, by Assistant Attorney General D. David Steinbock, for defendant-appellant North Carolina Department of Administration.*

LEWIS, Judge.

RPR & Associates, Inc. ("RPR") entered into a written construction contract with the State of North Carolina ("State"), through the University of North Carolina at Chapel Hill ("UNC-CH"), to construct the George Watts Hill Alumni Center ("Alumni Center") on the UNC-CH campus. Following the completion of the Alumni Center, on 22 November 1994, plaintiff filed a verified claim against UNC-CH with the Office of State Construction ("OSC") pursuant to N.C. Gen. Stat. § 143-135.3(c), seeking to recover costs incurred and an extension of time for completion associated with the delayed construction of the Alumni Center. The Director of the OSC held an informal hearing on 21 March 1995 on plaintiff's claim. By letter dated 14 July 1997, the Director issued his decision awarding plaintiff an additional payment of $104,468 and an eighty-day extension for completion.

On 12 September 1997, pursuant to N.C. Gen. Stat. § 143-135.3(c) and (c1), plaintiff filed a petition with the Office of Administrative Hearings ("OAH") for a contested case hearing against defendants UNC-CH and the Department of Administration ("DOA"), seeking review of the decision of the OSC. But before any hearing or other action had occurred before the OAH, plaintiff decided to proceed in superior court, pursuant to N.C. Gen. Stat. § 143-135.3(d), instead.

RPR & ASSOCS. v. STATE

[139 N.C. App. 525 (2000)]

Thus, on 15 January 1998 plaintiff filed a complaint in Wake County Superior Court, alleging breach of contract and breach of warranty. The following day, plaintiff filed a motion with the OAH seeking "an Order of the Administrative Law Judge allowing it to voluntarily dismiss its pending contested case herein without prejudice to its right to proceed in a civil action pursuant to N.C. Gen. Stat. § 143-135.3 in Wake County Superior Court." The administrative law judge ("ALJ") then dismissed plaintiff's petition for a contested case hearing "without prejudice to [plaintiff's] right to proceed in accordance with N.C. Gen. Stat. § 143-135.3 in Wake County Superior Court."

All three defendants thereafter filed motions to dismiss plaintiff's complaint in superior court pursuant to North Carolina Rules of Civil Procedure 12(b) (1), (2), (4), (5) and (6). After a hearing on the motions, the trial court entered an order granting the State's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process because a summons was never served upon the Attorney General or a deputy or assistant attorney general as required by Rule 4(j)(3). The trial court, however, denied UNC-CH's and the DOA's motions to dismiss. From this order denying their motions to dismiss, UNC-CH and the DOA now appeal.

[1] At the outset, we must determine whether this appeal is properly before us. Generally, the denial of a motion to dismiss is not immediately appealable because it is an interlocutory order. *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985). However, when that denial affects some substantial right of the appellant, this Court will entertain an immediate appeal. N.C. Gen. Stat. § 7A-27(d) (1999).

Here, defendants' motions to dismiss were based, in part, on the doctrine of sovereign immunity. Although our Supreme Court has never specifically addressed the issue, this Court has held that the denial of a motion to dismiss based upon the defense of sovereign immunity affects a substantial right and is thus immediately appealable. *Anderson v. Town of Andrews*, 127 N.C. App. 599, 601, 492 S.E.2d 385, 386 (1997); *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 365, 424 S.E.2d 420, 423, *aff'd per curiam*, 335 N.C. 158, 436 S.E.2d 821 (1993). The rationale for such an exception derives from the nature of the immunity defense. *Slade v. Vernon*, 110 N.C. App. 422, 425, 429 S.E.2d 744, 746 (1993). "A valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit." *Id.* In other words, immunity would be effectively lost if the case were erroneously allowed to proceed to

trial. *Id.* Because the trial court's denial of the motions to dismiss affected a substantial right of defendants, we hold that their appeal is properly before this Court. We therefore turn to the merits of their appeal.

It is well settled in North Carolina that the State is immune from suit unless it has expressly consented to be sued. *Smith v. State*, 289 N.C. 303, 309, 222 S.E.2d 412, 417 (1976). This immunity extends not only to suits where the State is a named defendant but also to suits against departments, institutions, and agencies of the State. *Jones v. Pitt County Mem. Hospital*, 104 N.C. App. 613, 616, 410 S.E.2d 513, 514 (1991).

Our legislature has adopted a limited waiver of the sovereign immunity doctrine for actions involving contract claims against the State and its agencies. N.C. Gen. Stat. § 143-135.3 (1999). However, just because a statute provides for suit against the State or one of its agencies, a plaintiff may not proceed with his suit in any manner it pleases. The State's sovereign immunity is only waived to the extent that the procedures prescribed by the statute are strictly followed. *Guthrie v. State Ports Authority*, 307 N.C. 522, 539, 299 S.E.2d 618, 628 (1983). Our Supreme Court has explained, " 'The right to sue the State is a conditional right, and the terms prescribed by the Legislature are conditions precedent to the institution of the action.' " *Id.* (quoting *Insurance Co. v. Gold, Commissioner of Insurance*, 254 N.C. 168, 173, 118 S.E.2d 792, 795 (1961)). Furthermore, because any such statute is in derogation of the sovereign right to immunity, its terms must be strictly construed. *Id.* at 537-38, 299 S.E.2d at 627. *But see Shipyard, Inc. v. Highway Comm.*, 6 N.C. App. 649, 652-53, 171 S.E.2d 222, 224-25 (1969) (discussing the origins of the strict construction rule and questioning whether it is in fact the rule in North Carolina).

[2] Defendants argue that plaintiff has failed to comply with all the statutory requirements of N.C. Gen. Stat. § 143-135.3 and that their sovereign immunity has thus not been waived. The pertinent portion of N.C. Gen. Stat. § 143-135.3 provides:

> (c) A contractor who has completed a contract with a board for construction or repair work and who has not received the amount he claims is due under the contract may submit a verified written claim to the Director of the [OSC] of the Department of Administration for the amount the contractor claims is due. . . .

RPR & ASSOCS. v. STATE

[139 N.C. App. 525 (2000)]

. . . The Director may allow, deny, or compromise the claim, in whole or in part. The Director shall give the contractor a written statement of the Director's decision on the contractor's claim.

. . . .

(c1) A contractor who is dissatisfied with the Director's decision on a claim submitted under subsection (c) of this section may commence a contested case on the claim under Chapter 150B of the General Statutes. The contested case shall be commenced within 60 days of receiving the Director's written statement of the decision.

(d) As to any portion of a claim that is denied by the Director, the contractor may, *in lieu of the procedures set forth in the preceding subsection of this section*, within six months of receipt of the Director's final decision, institute a civil action for the sum he claims to be entitled to under the contract by filing a verified complaint and the issuance of a summons in the Superior Court of Wake County or in the superior court of any county where the work under the contract was performed. The procedure shall be the same as in all civil actions except that all issues shall be tried by the judge, without a jury.

(Emphasis added).

The preceding provisions thus outline a two-tiered process for recovering on contract claims against state agencies. The contractor must first submit its claim to the director of the OSC and await the director's decision. N.C. Gen. Stat. § 143-135.3(c). Plaintiff did so here. If a contractor is displeased with the director's decision, it may then appeal that decision in one of two ways: (1) by instituting a contested case hearing before an ALJ; or (2) "in lieu of" that option, by filing a complaint in superior court. N.C. Gen. Stat. § 143-135.3(c1), (d). As pointed out earlier, this process must be strictly followed before sovereign immunity will be waived. *Guthrie*, 307 N.C. at 539, 299 S.E.2d at 628. Here, plaintiff initially chose the contested case route, but then opted to proceed in superior court instead. Defendants contend that because plaintiff had already initiated a contested case hearing when it filed a complaint in superior court, it did not proceed in superior court "in lieu of" a contested case hearing. Thus, according to defendants, plaintiff did not strictly follow the statutory procedures in order to have sovereign immunity

waived. We do not believe strict adherence to the provisions of N.C. Gen. Stat. § 143-135.3 necessitates such a result.

Prior versions of section 143-135.3 only provided one avenue for a dissatisfied contractor to appeal from the decision of the Director of the OSC. That avenue was by filing a claim in superior court. N.C. Gen. Stat. § 143-135.3 (amended 1983). The present statute has now added a second avenue of appeal: commencing a contested case hearing. N.C. Gen. Stat. § 143-135.3(c1) (1999). Our legislature has thus expressed a desire to *benefit* contractors and allow them increased options to proceed. In their suggested application of the phrase "in lieu of," however, defendants have essentially used this benefit to *penalize* the contractor. Specifically, because there are now more potential procedures for a contractor to follow in appealing its claim, and because these procedures should be strictly followed, the non-compliance as to one potential procedure forecloses the contractor's ability to appeal via the other. In essence, defendants' interpretation would engraft into the statute a provision to the following effect: "The mere initiation of one avenue forever forecloses the right to pursue the other." We do not believe that, by adding a second avenue of appeal, our legislature intended to create such a result.

Rather, through subsections (c1) and (d), our legislature was simply trying to create alternate methods of appeal. By using the phrase "in lieu of," our legislature is merely prohibiting a contractor from appealing via a contested case hearing, waiting to see whether it likes the decision handed down by the OAH, and then initiating an appeal in superior court as well if it does not like the decision. In other words, a contractor cannot use one avenue of appeal as a "trial run" before proceeding with the other.

Here, plaintiff initially started the contested case hearing process, but plaintiff never availed itself of any of those proceedings. Rather, *before any hearing or other action had occurred before the OAH*, plaintiff decided to proceed in superior court instead. Plaintiff then immediately withdrew its claim before the OAH. Under these facts, we hold that plaintiff complied with the statutory procedures outlined, and defendants' sovereign immunity has thereby been statutorily waived.

[3] Next, defendant UNC-CH argues the trial court erred in denying its motions to dismiss for insufficient service of process. Although this question again is interlocutory in nature, we choose to address it, given that defendants' sovereign immunity argument is properly

before us. After all, to address but one interlocutory or related issue would create fragmentary appeals. *See generally Colombo v. Dorrity*, 115 N.C. App. 81, 84, 443 S.E.2d 752, 755 ("We believe that allowing an immediate appeal only from the order denying the City's motion for summary judgment on the grounds of governmental immunity would create a fragmentary appeal. As such, we allow an immediate appeal from both orders denying the City's motion for summary judgment."), *disc. review denied*, 327 N.C. 689, 448 S.E.2d 517 (1994). Accordingly, we consider the merits of this argument as well.

Plaintiff attempted to serve defendant UNC-CH on 15 January 1998. On its civil summons, plaintiff listed the name and address of the party to be served as follows:

Susan Ehringhaus, Esq.
103 S. Bldg., UNC Chapel Hill
Chapel Hill, NC 27599

Ms. Ehringhaus is the duly-appointed process agent for UNC-CH. Defendant UNC-CH contends that, because plaintiff's summons is directed to Ms. Ehringhaus (rather than to UNC-CH itself) and nowhere states that Ms. Ehringhaus is being served as an agent of UNC-CH, defendant UNC-CH was never properly served. We fully acknowledge that it would have been better practice for plaintiff to have directed service as follows:

University of North Carolina-Chapel Hill
c/o Susan Ehringhaus, Esq. (Registered Agent)
103 S. Bldg., UNC Chapel Hill
Chapel Hill, NC 27599

Nonetheless, we conclude plaintiff has adequately complied with the service of process requirements outlined in Rule 4(b) and (j).

The long-standing rule in this State is that a summons should direct service upon the defendant itself, not upon its process agent. *Wiles v. Construction Co.*, 295 N.C. 81, 83, 243 S.E.2d 756, 757 (1978). In the context of corporations, however, our Supreme Court has expressed leniency in the application of this rule. Specifically, when the caption listed on the summons, together with the complaint attached to that summons, clearly demonstrate that it is the corporate defendant, not its agent, that is being sued, service is adequate. *Id.* at 85, 243 S.E.2d at 758. The *Wiles* Court reasoned:

RPR & ASSOCS. v. STATE

[139 N.C. App. 525 (2000)]

Since, under Rule 4, a copy of the complaint must be served along with the summons, and the corporate representative who may be served is customarily one of sufficient discretion to know what should be done with legal papers served on him, the possibility of any substantial misunderstanding concerning the identity of the party being sued in this situation is simply unrealistic. Under the circumstances, the spirit certainly, if not the letter, of N.C.R. Civ. P. 4(b) has been met.

*Id.* (citation omitted). Although *Wiles* only dealt with Rule 4 in the context of service upon corporations, we believe *Wiles* is equally applicable in situations involving service upon state agencies. After all, Rule 4(b) deals with the requirements for summonses in general, not just for corporate defendants. Thus, so long as the caption on the summons, together with the complaint attached to the summons, clearly show that the state agency, as opposed to its registered agent, is the party being sued, the fact that the summons directs service only upon the agent will not invalidate service upon the state agency. Here, both the complaint and the caption on the summons clearly list UNC-CH as a party-defendant. Neither Ms. Ehringhaus nor UNC-CH could have reasonably been misled. We therefore conclude service upon UNC-CH was valid.

Defendant UNC-CH points out that in *Wiles*, "Registered Agent" was listed next to the name of the person upon whom service was to be directed. From this, defendant argues that plaintiff may not avail itself of the *Wiles* rule because it nowhere stated on the summons that Ms. Ehringhaus is a process agent. This is simply a distinction without a difference. *Wiles* focuses upon how the *defendant* is listed in the caption on the summons and in the complaint; how the *agent* is listed is immaterial.

Affirmed.

Judge JOHN concurs.

Judge McGEE dissents.

Judge McGEE dissenting.

I respectfully dissent. I disagree with the majority opinion's broad construction of N.C. Gen. Stat. §§ 143.135.3(c1) and (d).

I do not disagree with the majority opinion that the General Assembly provided a contractor an alternative appeal option under N.C.G.S. § 143-135.3(d) for a dissatisfied contractor to appeal from the decision of the OSC. However, once plaintiff contractor selected the option of "commenc[ing]" its case under N.C.G.S. § 143-135.3(c1) by filing a petition with the OAH, it could not then "institute" a complaint in superior court under N.C.G.S. § 143-135.3(d) when the statute provides for the civil action in state court *in lieu of* a contested case. The benefit of an alternative appeal option does not warrant plaintiff offending the strict construction of N.C.G.S. § 143.135.3. *See Construction Co. v. Dept. of Administration*, 3 N.C. App. 551, 553, 165 S.E.2d 338, 340 (1969) ("[S]tatutes permitting suit, being in [derogation] of sovereign right of immunity, are to be strictly construed."); *see also In re Thompson Arthur Paving Co.*, 81 N.C. App. 645, 647-48, 344 S.E.2d 853, 855, *disc. review denied*, 318 N.C. 506, 349 S.E.2d 874 (1986) ("Waiver of sovereign immunity may not be lightly inferred and statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed."); *see also* 82 C.J.S. *Statutes* § 380 (1999) ("Among the statutes in derogation of sovereignty and subject to the rule requiring strict construction in favor of the state are those allowing suits against the state or its representative . . . or waiving its immunity from liability[.]").

The majority opinion emphasizes that plaintiff decided to proceed in superior court "before any hearing or other action had occurred before the OAH." Nonetheless, this overlooks the fact that the contractor both *"commence[d]"* its case by filing a petition with the OAH and also *"institute[d]"* a complaint in superior court, resulting in two actions pending at the same time in two different forums. N.C.G.S. § 143-135.3(c1) ("[a] contractor . . . may *commence* a contested case on the claim[.]"); N.C.G.S. § 143-135.3(d) ("the contractor may, in lieu of the procedures set forth in [subsection(c1)] . . . *institute* a civil action[.]") (emphasis added). By employing the verbs "commence" and "institute" in the respective subsections of the statute, I believe the General Assembly intended to measure the time of these procedures from the contractor's first act or commencement of the case, not the OAH's decision to hear the case, as the majority opinion suggests. *See Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136-37 (1990) (holding that legislative purpose is first ascertained from the plain language of the statute); *see also Black's Law Dictionary* 268, 800 (6th ed. 1990) (defining "commence" as "[t]o initiate by performing the first act or step" and defin-

ing "institute" as "[t]o inaugurate or commence[.]"). If the General Assembly intended that these procedures be measured by an OAH *hearing* of the contractor's case, not the contractor's action to "commence" or "institute" the action, it would have expressly so stated. It did not choose to do so.

Strictly construing N.C.G.S. §§ 143-135(c1) and (d), as we must, plaintiff's both *commencing* of its contested case in the administrative court and also *instituting* a complaint in superior court violated the provisions of the statute necessary to waive defendants' claim to sovereign immunity. *See Construction Co.*, 3 N.C. App. at 553, 165 S.E.2d at 340; *see also In Re Thompson*, 81 N.C. App. at 647-48, 344 S.E.2d at 855. The majority opinion characterizes the strict construction of the two-tiered process available to plaintiff as essentially a "penalty." However unfortunate the result, the majority opinion has interpreted the waiver statute too broadly and failed to follow "the admonition to strictly construe statutes which waive the benefits of the doctrine of sovereign immunity." *State v. Taylor*, 85 N.C. App. 549, 557, 355 S.E.2d 169, 175 (1987) (Eagles, J., dissenting), *rev'd*, 322 N.C. 433, 436, 368 S.E.2d 601, 603 (1988) (holding that the Court of Appeals erred in "broadening the scope of the waiver of sovereign immunity[.]"). I would reverse the decision of the trial court and remand for entry of summary judgment for defendants UNC-CH and DOA.