WASHINGTON v. CLINE

[230 N.C. App. 396 (2013)]

FRANKIE DELANO WASHINGTON AND
FRANKIE DELANO WASHINGTON, JR., PLAINTIFFS
v.
TRACEY CLINE, ANTHONY SMITH, WILLIAM BELL, JOHN PETER, ANDRE T.
CALDWELL, MOSES IRVING, ANTHONY MARSH, EDWARD SARVIS, BEVERLY
COUNCIL, STEVEN CHALMERS, PATRICK BAKER, THE CITY OF DURHAM, NC, AND
THE STATE OF NORTH CAROLINA, DEFENDANTS

No. COA13-224

Filed 5 November 2013

1. **Appeal and Error—interlocutory orders and appeals—preventing fragmentary appeals**

   Although the orders from which plaintiffs and defendant Baker appealed were interlocutory, Baker's appeal was found to be proper in order to prevent fragmentary appeals. Additionally, the appeals from the trial court's orders denying plaintiffs' motion to amend the summons against the City and denying defendants' motion to dismiss for failure of the summons to "contain the title of the cause" were also properly before the Court pursuant to N.C.G.S. § 1-278 since plaintiffs properly appealed from a final judgment, and the orders involved the merits and necessarily affected that judgment.

2. **Process and Service—sufficiency—failure to contain title of cause**

   The trial court did not err in a violations of federal and state constitutional provisions, malicious prosecution, negligence, negligent and intentional infliction of emotional distress, conspiracy, and supervisory liability case by granting the City's motion to dismiss for insufficient service of process, denying defendant Baker's motion to dismiss for insufficient service of process, denying plaintiffs' motion to amend the summons, and denying Baker's motion to dismiss for failure of the summons to contain the "title of the cause." However, the trial court's order granting all other defendant appellees' motions to dismiss for insufficient service of process was reversed.

3. **Pleadings—denial of motion to amend summons—name of person currently holding office**

   The trial court did not abuse its discretion by denying plaintiffs' motion to amend the summons against the City to correct the name of the person currently holding the office of city manager because it would confer jurisdiction over the City without proper service of process.

WASHINGTON v. CLINE

[230 N.C. App. 396 (2013)]

4. **Appeal and Error—preservation of issues—failure to cite authority**

Although defendant Baker contended the trial court erred by denying his motion to dismiss the action for failure of the summonses to contain all of the necessary information required by N.C.G.S. § 1A-1, Rule 4(b), namely the "title of the cause," this argument was deemed abandoned based on a failure to cite authority.

Appeals by plaintiffs and defendant Patrick Baker from orders entered 6 November 2012 by Judge W. Osmond Smith, III in Durham County Superior Court. Heard in the Court of Appeals 28 August 2013.

*Ekstrand & Ekstrand LLP, by Robert C. Ekstrand, for plaintiffs-appellants.*

*Wilson & Ratledge, PLLC, by Reginald B. Gillespie, Jr., and Office of the City Attorney, by Kimberly M. Rehberg, for defendant-appellant Patrick Baker and defendants-appellees the City of Durham, North Carolina, Edward Sarvis, Beverly Council, and Steven Chalmers.*

*Kennon Craver, PLLC, by Joel M. Craig and Henry W. Sappenfield, for defendants-appellees Anthony Smith, William "Doug" Bell, John Peter, Moses Irving, and Anthony Marsh.*

HUNTER, Robert C., Judge.

Plaintiffs Frankie Washington ("Washington") and Frankie Washington, Jr. ("Washington, Jr.") and defendant Patrick Baker ("Baker"), appeal from interlocutory orders entered by Judge W. Osmond Smith III on 6 November 2012 in Durham County Superior Court. Plaintiffs appeal from orders granting nine of twelve defendants' motions to dismiss for insufficient service of process and denying plaintiffs' motion to amend the summons against defendant City of Durham ("the City"). Baker appeals from orders denying his motion to dismiss for insufficient service of process and denying a motion to dismiss the action for failure of the summonses to contain the "title of the cause" as is required by North Carolina Rule of Civil Procedure 4(b).

On appeal, plaintiffs assert that: (1) the trial court erred by granting nine defendants-appellees' motion to dismiss for insufficient service of process because plaintiffs properly served those defendants via designated delivery service and defendants are estopped from asserting such

defense, and (2) the trial court erred by denying plaintiffs' motion to amend the summons for the City because such amendment would not prejudice the City. Baker argues that: (1) the trial court erred by denying his motion to dismiss for insufficient service of process because plaintiffs failed to meet the statutory requirements for designated delivery service, and (2) the trial court erred by failing to dismiss the action because the summonses did not "contain the title of the cause" as is required by statute.

After careful review, we affirm the trial court's orders granting the City's motion to dismiss for insufficient service of process, denying Baker's motion to dismiss for insufficient service of process, denying plaintiffs' motion to amend the summons, and denying Baker's motion to dismiss for failure of the summons to contain the "title of the cause." However, we reverse the trial court's order granting all other defendants-appellees' motions to dismiss for insufficient service of process.

## Background

Plaintiffs' claims against defendants arise out of the arrest, prosecution, conviction, and ultimate release of Washington that took place over a six-year period between 30 May 2002 and 22 September 2008. After a four-year, nine-month delay between arrest and trial, Washington was convicted of first-degree burglary, two counts of second-degree kidnapping, robbery with a dangerous weapon, attempted robbery with a dangerous weapon, assault and battery, and attempted first-degree sex offense. This Court vacated his convictions due to delays attributed to the State in violation of Washington's right to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 18 of the North Carolina Constitution. On 21 September 2011, Washington and Washington, Jr. filed a complaint and obtained civil summonses against Baker, Tracey Cline, Anthony Smith, William Bell, John Peter, Andre T. Caldwell, Moses Irving, Anthony Marsh, Edward Sarvis, Beverly Council, Steven Chalmers, the State of North Carolina, and the City of Durham[1] for, *inter alia*, violations of federal and state constitutional provisions, malicious prosecution, negligence, negligent and intentional infliction of emotional distress, conspiracy, and supervisory liability.

---

1. Baker is the only defendant-appellant. Caldwell, although named in the complaint, is not listed in the briefs as an appellee, and does not appear to have been a party to the suit at the time the trial court entered its orders. Therefore, the nine defendants whose motions to dismiss were granted, and thus the nine defendants-appellees to plaintiffs' appeal, are Chalmers, Council, Smith, Bell, Peter, Irving, Marsh, Sarvis, and the City ("defendants-appellees").

Plaintiffs attempted to serve process on defendants using FedEx, a designated delivery service. All defendants except Council were served between 23 and 27 September 2011; Council was served on 25 October 2011.

The packages containing summonses and copies of the complaint sent to the City and Baker contained the following directory paragraphs, respectively:

> City of Durham
> c/o Patrick Baker
> 101 City Hall Plaza
> Durham NC 27701

> Patrick Baker City Manager
> City of Durham
> 101 City Hall Plaza
> Durham NC 27701

At the time of service, Baker was the City Attorney, not the City Manager. Both packages were received by April Lally ("Lally"), a receptionist and administrative assistant in the City Attorney's Office; Lally signed for the packages and later handed them to Baker. Baker later filed an affidavit with the trial court in which he admitted to receiving the summons and complaint against him.

Plaintiffs attempted to serve Chalmers at his home, but left the package containing the summons and complaint with Chalmers' visiting twelve-year-old grandson who was playing in the front yard. Chalmers' grandson went inside and gave Chalmers the package; Chalmers later filed an affidavit with the trial court admitting that he received the summons and complaint against him.

Plaintiff attempted to serve Council by delivering the package via FedEx to her home, but no one was there at the time of delivery. The driver left the package on the door step to the side door; Council later filed an affidavit with the trial court admitting that she received the summons and complaint against her later that evening when she returned home.

Plaintiff attempted to serve Bell, Irving, Marsh, Peter, Sarvis, and Smith by having a FedEx driver deliver their summonses and copies of the complaint to the City Police Department's loading dock. Bell and Irving were former employees of the City's Police Department at the time of delivery; Marsh, Peter, Sarvis, and Smith were still employees. The

driver left the package with Brenda T. Burrell ("Burrell"), an employee for the City's Police Department who is responsible for "receiving materials and supplies delivered to the Police Department for use in its operations." Each of these defendants filed an affidavit with the trial court admitting that he received the summons and copy of the complaint against him.

Plaintiffs filed with the trial court affidavits of service and receipts generated by the designated delivery service for each defendant. They also re-filed the defendants' affidavits in which they admitted to receiving the summonses and copies of the complaint against them as evidence of effective service of process.

On 11 January 2012, Cline and the State of North Carolina filed motions to dismiss for insufficient service of process, among other claims not relevant to this appeal. On 23 March 2012, all remaining defendants also filed motions to dismiss for insufficient service of process. That same day plaintiffs filed a motion to amend the summons issued to the City to replace Baker with the then-current City Manager. On 6 November 2012 Judge Smith entered orders: (1) denying plaintiffs' motion to amend the summons; (2) denying motions to dismiss for insufficient service of process filed by Baker, Cline, and the State of North Carolina[2]; and (3) granting motions to dismiss for insufficient service of process entered by defendants-appellees. On 15 November 2012, plaintiffs filed a timely notice of appeal. On 27 November 2012, Baker also filed timely notice of appeal.

## Grounds for Appellate Review

[1] The orders from which plaintiffs and Baker appeal are interlocutory. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, the Court does allow immediate appeal of interlocutory orders in some circumstances.

> [I]mmediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay . . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right.

---

2. Only Baker appeals from this order.

*Sharpe v. Worland,* 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (quotation marks omitted); *see also* N.C. Gen. Stat. § 1-277(a) (2011) ("An appeal may be taken from every judicial order . . . which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action.").

Here, plaintiffs appeal from an order dismissing defendants-appellees, who comprise more than one but not all parties. This order is in effect a final judgment as to those defendants-appellees, and the trial court certified in the order dismissing them that there was no just reason for delay in appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. As such, plaintiffs appeal of the trial court's order granting defendants-appellees' motion to dismiss is properly before this Court. *See DKH Corp. v. Rankin-Patterson Oil Co.,* 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998) ("[I]f the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay, the judgment is immediately appealable.").

Although Baker admits that his appeal does not stem from a final judgment or an order affecting a substantial right, he argues that the Court should hear his appeal in order to prevent "fragmentary appeals." The circumstances here are comparable to those in *RPR & Assocs., Inc. v. State,* 139 N.C. App. 525, 530-31, 534 S.E.2d 247, 251-52 (2000), in which this Court chose to hear an appeal from the trial court's denial of a motion to dismiss for insufficient service of process that was not itself immediately appealable, but was related to an issue properly before the Court. The Court reasoned that "to address but one interlocutory or related issue would create fragmentary appeals." *Id.* at 531, 534 S.E.2d at 252. Here, Baker's appeal involves the application of the same rules to the same facts and circumstances as plaintiffs' appeal, which is properly before us. Therefore, in order to prevent fragmentary appeals, we find that Baker's appeal is also proper at this time.

Additionally, we find the appeals from the trial court's orders denying plaintiffs' motion to amend the summons against the City and denying defendants' motion to dismiss for failure of the summons to "contain the title of the cause" are also properly before the Court pursuant to N.C. Gen. Stat. § 1-278, which provides that "[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." Here, plaintiffs properly appeal from a final judgment, and the above orders involve the merits and necessarily affect that judgment. Therefore, appellate review is appropriate at this stage of litigation.

## Discussion

## I.  Sufficiency of Service of Process

[2]  Plaintiffs first argue that the trial court erred by granting defendants-appellees' motion to dismiss for insufficient service of process. Baker argues that the trial court erred by denying his motion to dismiss for insufficient service of process. After careful review, we reverse the trial court's order dismissing all defendants-appellees except the City, and affirm the trial court's order denying Baker's motion to dismiss.

### A.  Estoppel

At the outset, plaintiffs cite *Storey v. Hailey*, 114 N.C. App. 173, 441 S.E.2d 602 (1994) in support of their argument that defendants are estopped from asserting the defense of insufficient service of process. In *Storey*, this Court ruled that the defendants were estopped from asserting insufficient service of process as a defense where they asked for and received extensions of time without alerting the plaintiff to any possible defects in service, and plaintiffs ran out of time to effect valid service due to the extensions. The Court reasoned that by doing so, the defendants in effect "lulled [the] plaintiff into a 'false sense of security' and probably prevented [the] plaintiff from discovering her error and effecting valid service within the statutory period." *Storey*, 114 N.C. App. at 176, 441 S.E.2d at 604. Here, although defendants did receive extensions of time from the trial court, they explicitly stated that the reason for the extensions was to "determine whether any Rule 12 or other defenses [were] appropriate." Defendants-appellees' and Baker's motions to dismiss for insufficient service of process were entered pursuant to Rule 12(b)(5). Therefore, plaintiffs had notice that such motions could be filed. Furthermore, defendants-appellees in fact served plaintiffs with their answer containing the defenses on 16 December 2012, four days before the last day in which plaintiffs could have obtained extensions of the summonses. It is evident that plaintiffs had actual notice of the defenses, because they served their reply to the answer on 20 December 2011, the same day that the summonses expired. Therefore, because defendants were not responsible for plaintiffs' failure to extend the life of the summonses, we find that *Storey* is inapposite and defendants are not estopped from asserting the defense of insufficient service of process.

### B.  Natural persons

Our Court first reviews the trial court's findings of fact to determine whether they are supported by competent evidence. *Ryals v. Hall-Lane*

*Moving and Storage Co.*, 122 N.C. App. 242, 246, 468 S.E.2d 600, 603, *disc. review denied*, 343 N.C. 514, 472 S.E.2d 19 (1996). We then review the court's conclusions of law *de novo. See Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal."). "Under a *de novo* review, the Court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citations and quotation omitted).

Rule 4(j)(1)(d) of the North Carolina Rules of Civil Procedure sets forth the requirements for service of process on natural persons via designated delivery service, the method utilized by plaintiffs here:

> (d) By depositing with a designated delivery service . . . a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. § 1A-1 Rule 4(j)(1)(d) (2011). Where defendants appear in an action and challenge the service of the summons (as all defendants did here), service by designated delivery service may be proved in the following manner:

> (5) Service by Designated Delivery Service. - In the case of service by designated delivery service, by affidavit of the serving party averring all of the following:
>
>> a. That a copy of the summons and complaint was deposited with a designated delivery service as authorized under G.S. 1A-1, Rule 4, delivery receipt requested.
>>
>> b. That it was in fact received as evidenced by the attached delivery receipt or other evidence satisfactory to the court of delivery to the addressee.
>>
>> c. That the delivery receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(5) (2011).

At issue in this case is the interpretation of the phrase "delivering to the addressee" found in Rule 4(j)(1)(d) and section 1-75.10(a)(5) above. Defendants argue that a designated delivery service must personally serve natural persons or service agents with specific authority to accept service with the summons and complaint in order to sufficiently

"deliver to the addressee." Even if defendants in fact received copies of the summons and complaint on the same day that they left control of the designated delivery service, service of process would be insufficient to confer personal jurisdiction if the addressees or their service agents were not personally handed the documents. However, we find that this strict construction of the statute goes against explicit legislative intent. Article 6A, which contains section 1-75.10, "shall be liberally construed to the end that actions be speedily and finally determined on *their merits*. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Article." N.C. Gen. Stat. § 1-75.1 (2011) (emphasis added). Because "[t]he principal goal of statutory construction is to accomplish the legislative intent," we find that defendants' strict interpretation is improper. *Goad v. Chase Home Fin., LLC*, 208 N.C. App. 259, 262, 704 S.E.2d 1, 3 (2010) (citation omitted).

Furthermore, application of commonly utilized statutory construction principles leads us to find that defendants' argument is without merit and the trial court's conclusion was in error. "The best indicia of [legislative] intent are the language of the statute . . . the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980). Here, the plain language of section 1-75.10 allows a plaintiff to prove service by designated delivery service with evidence that copies of the summons and complaint were "in fact received" by the addressee, not evidence that the delivery service agent personally served the individual addressee. N.C. Gen. Stat. § 1-75.10(a)(5)(b) (2011). Therefore, the crucial inquiry is whether addressees received the summons and complaint, not who physically handed the summons and complaint to the addressee. "[T]he entire sentence, section, or statute must be taken into consideration, and every word must be given its proper effect and weight." *Nance v. S. Ry. Co.*, 149 N.C. 366, 63 S.E. 116, 118 (1908). Defendants' interpretation would provide almost no weight to the phrase "in fact received," and therefore we cannot espouse it without running afoul of legislative intent.

Second, viewed under the doctrine of *expressio unius est exclusio alterius*, which means the expression of one thing is the exclusion of another, the fact that the legislature failed to include a personal delivery requirement in Rule 4(j)(1)(d) when it did so in other subsections throughout the statute indicates its intention to exclude it. *See* N.C. Gen. Stat. § 1A-1 Rule 4(j)(5)(a) (2011) (prescribing "personal service" on a city, town, or village as an effective method of service); *Haywood v. Haywood*, 106 N.C. App. 91, 99-100, 415 S.E.2d 565, 570 (1992) *rev'd in part*, 333 N.C. 342, 425 S.E.2d 696 (1993) (finding that the failure to mention a requirement in a statute indicated an intent to exclude it).

Finally, "where a literal interpretation of the language of a statute will lead to absurd results, or *contravene the manifest purpose of the Legislature, as otherwise expressed*, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded." *Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (emphasis added) (citation omitted). Under defendants' strict interpretation, a designated delivery service agent could hand a copy of a summons and complaint to an addressee's spouse, at his domicile, while he was in the next room, and still be insufficient without personal delivery to the addressee or his service agent. Such an interpretation contravenes the express legislative intent codified in section 1-75.1 to liberally construe its jurisdiction statutes so that cases may be speedily reached on their merits.

Here, plaintiffs provided sufficient evidence in the form of delivery receipts and affidavits pursuant to section 1-75.10 to prove that all defendants-appellees except the City were properly served under Rule 4(j)(1)(d). Based on these facts, the trial court's conclusion that plaintiffs failed to properly serve defendants-appellees (except the City) was in error. Therefore its order dismissing all defendants-appellees except the City is reversed.

The trial court seemed to apply the law differently for Baker. The court noted that Baker's affidavit wherein he admitted to receiving a copy of the summons and complaint cut against his argument that service was not valid or effective, and in fact provided enough evidence to satisfy the court that the summons and complaint were in fact delivered to Baker. Based on the foregoing analysis, we find that the trial court did not err in denying Baker's motion to dismiss for insufficient service of process because he, like the other defendants-appellees, was properly served as a natural person under Rule 4(j)(1)(d) and plaintiffs properly proved service under section 1.75-10.

## C. The City

Unlike natural persons, service may only be valid and effective upon a city:

> [b]y personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint,

*addressed to the mayor, city manager, or clerk*, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen Stat. § 1A-1 Rule 4(j)(5)(a) (2011) (emphasis added). The list of parties named in the statute is exclusive; service upon anyone other than the mayor, city manager, or clerk is insufficient to confer jurisdiction over a city. *See Johnson v. City of Raleigh*, 98 N.C. App. 147, 149-50, 389 S.E.2d 849, 851-52, *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176 (1990) (holding that service of summons was insufficient to confer personal jurisdiction over defendant city where a copy of the summons and complaint was delivered to a person other than an official named in Rule 4(j)(5)).

Here, the summons and complaint were not addressed to either the mayor, city manager, or clerk, as is required by Rule 4(j)(5)(a); they were addressed to Baker, who was the City Attorney. Delivery to Baker, although technically delivery to the addressee, was insufficient to confer jurisdiction over the City because he is not a named official capable of receiving service on behalf of the City. Furthermore, there is no direct evidence that the City's mayor, city manager, or clerk ever received a copy of the summons and complaint or were otherwise served in any way. The only evidence plaintiffs provide is a newspaper article wherein the City's mayor said that he would discuss the lawsuit with other city officials and council members. "Although defective service of process may sufficiently give the defending party actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." *Fulton v. Mickle*, 134 N.C. App. 620, 624, 518 S.E.2d 518, 521 (1999) (citation and quotation omitted).

Unlike the service on defendants who are natural persons, service on the City was defective because plaintiffs did not comply with Rule 4. Therefore, we find that the trial court did not err in granting the City's motion to dismiss for insufficient service of process.

## II. Motion to Amend the Summons Against the City

[3] Plaintiffs next argue that the trial court abused its discretion by denying its motion to amend the summons against the City to correct the name of the person currently holding the office of city manager. We find no abuse of discretion.

The North Carolina Rules of Civil Procedure vest discretion in the hands of the trial courts to allow or disallow parties to amend summonses.

> At any time, before or after judgment, in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued.

N.C. Gen. Stat. § 1A-1 Rule 4(i) (2011). This Court therefore reviews such orders for abuse of discretion. *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion."). Although the trial courts have wide discretion in this arena, that power has been limited by this Court to those cases where the trial court initially acquired jurisdiction over the defendant. *See Carl Rose & Sons, Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 30 N.C. App. 526, 529, 227 S.E.2d 301, 303 (1976), *overruled on other grounds, Wiles v. Welparnel Const. Co., Inc.*, 295 N.C. 81, 86, 243 S.E.2d 756, 758-59 (1978) ("The broad discretionary power given the court . . . does not extend so far as to permit the court by amendment of its process to acquire jurisdiction over the person of a defendant where no jurisdiction has yet been acquired. A defendant cannot, in this short-hand manner by amendment, be brought into court without service of process.") (citation and quotations omitted).

Here, the trial court did not provide findings of fact or conclusions of law in its order denying plaintiffs' motion to amend the summons against the City. As stated above, in order to confer jurisdiction over the City, plaintiffs needed to comply with Rule 4(j)(5) by sending the summons and complaint addressed to either the City's mayor, city manager, or clerk and delivering to one of those three parties. Because plaintiffs failed to do so, the trial court never acquired jurisdiction over the City. *Glover v. Farmer*, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997) ("Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.").

Therefore, based on the rule set out in *Carl Rose & Sons*, we find that the trial court did not abuse its discretion by denying plaintiff's motion to amend the summons, as it would confer jurisdiction over the City without proper service of process.

### III. Title of the Cause

[4] Baker argues on appeal that the trial court erred by denying his motion to dismiss the action for failure of the summonses to contain all

of the necessary information required by Rule 4(b), namely the "title of the cause." We disagree.

This Court reviews the conclusions of law entered by the trial court in its order *de novo. Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004) ("Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal.").

Pursuant to Rule 4(b) of the North Carolina Rules of Civil Procedure, "[t]he summons shall . . . contain the title of the cause." N.C. Gen. Stat. § 1A-1 Rule 4(b) (2011). Here, the title of the cause in the summons listed "Frankie Washington and Frankie Washington, Jr." as plaintiffs and "CITY OF DURHAM (N.C.) ET AL" as defendants. Baker argues that the title of the cause in the summons is defective because it does not list all defendants and does not mirror the title of the cause in the complaint. He cites to no authority for the proposition that these characteristics render the title of the cause in the summons defective, and we find none. Therefore, we find that the argument is abandoned. *Metric Constructors, Inc. v. Industrial Risk Insurers*, 102 N.C. App. 59, 64, 401 S.E.2d 126, 129, *aff'd*, 330 N.C. 439, 410 S.E.2d 392 (1991) ("[b]ecause the appellee cites no authority for this argument, it is deemed abandoned.")

## Conclusion

Because plaintiffs properly served all defendants-appellees who are natural persons in the manner prescribed by Rule 4(j)(1), we reverse the court's order granting motions to dismiss for insufficient service of process as to those defendants-appellees, and we affirm the court's order denying Baker's motion to dismiss for insufficient service of process. We also affirm the court's order granting the City's motion to dismiss for insufficient service of process, because the record reveals that plaintiffs failed to properly serve the City. Finally, we affirm the trial court's denial of plaintiff's motion to amend the summons against the City and Baker's motion to dismiss for failure of the summonses to contain the title of the cause.

AFFIRMED in part and REVERSED in part.

Judges GEER and McCULLOUGH concur.